By the Court.
 

 This plaintiff in error, Prank Liska, was indicted, tried, and convicted of murder in the first degree. The jury did not recommend mercy. The trial judge imposed the sentence of death. The Court of Appeals affirmed the
 
 *284
 
 judgment of the trial court. Liska prosecutes error in this court.
 

 The deceased was the wife of Liska. The evidence clearly indicated that death resulted from personal violence, to wit, strangulation. The body, when found by firemen and policemen between 2 and 3 o’clock in the morning, was in a burning chicken house, owned by Liska, and located in the rear of the home owned and occupied by the Liska family.
 

 Almost the entire argument of counsel for Liska in this court is devoted to errors arising by reason of the conduct of the trial judge in giving additional instructions to the jury after the jury had had the case under consideration for some time, and to errors arising by reason of admission of a written confession made by Liska shortly after the murder, and claimed by him, at the trial, to have been secured by duress. At least two forms of verdict were furnished to the jury for their use. Form No. 2 was a verdict of guilty of murder in the first degree, with recommendation of mercy. After considering the case for about 24 hours, the jury, at their own request, were brought into court, with the accused and counsel for both sides present, and then the foreman, referring to verdict No. 2, asked the trial judge this question: “We would like to have you inform us if there is any hope of pardon if that verdict is brought in. ’ ’
 

 The trial judge told the jury the pardon board could not recommend a pardon for one convicted of murder in the first degree, ■ except on evidence showing innocence beyond a reasonable doubt, and then also said to the jury that the Governor could
 
 *285
 
 pardon, if so disposed, at any time. Counsel for Liska insists that “this was prejudicial error of the most glaring kind.” We cannot agree with counsel on this. The recommendation of mercy rests wholly in the sound discretion of the jury. They may extend or withhold as they see fit. The trial court might have declined to answer the question asked by the jury, but he did answer, and then told the jury it was not an issue in the case, and that it was not a thing for the jury to speculate upon.
 

 After the jury had considered the case for about 48 hours, they reported that as matters then stood it would be impossible for them to agree. The trial judge then admonished them, saying that it was their duty to counsel with each other and listen to reason, and not to act from stubbornness alone, or in any spirit of that kind, and directed that they continue their consideration of the case. Counsel for Liska claims the jury should then have been discharged. The trial judge was clearly within his right and duty in what he said and did at this time.
 
 Davis
 
 v.
 
 State,
 
 63 Ohio St., 173, 57 N. E., 1099. We find no prejudicial error in any of these additional instructions by the trial judge.
 

 The only other feature of the case that merits attention is the written confession. Counsel for Liska is an experienced, able, trial lawyer. His practice in criminal cases has been very extensive. When retained in this case, which was after the confession had been made, he was able to make a very accurate estimate of the merits and demerits of the case, and particularly with respect
 
 *286
 
 to the written confession. When it was offered by the state, which was after the police detectives had testified without objection to statements made ■to' them by Liska prior to and at the time the confession was made, counsel for Liska made a formal objection, but did not press it upon the attention of the court. When the court offered counsel for Liska an opportunity to test by evidence the admissibility of the confession, in the absence of the jury, counsel said to the court that that would double the work, and that he preferred to have all the facts relative to the confession developed before the jury. Counsel then knew Liska intended to repudiate the confession on the ground of duress. He had every reason to believe that the three police detectives would deny all the claimed acts of duress, as they did. Evidently it was plain to counsel that the evidence Avhen in on the question of duress would not warrant the trial judge in sustaining Liska’s claim of duress and excluding the confession from the consideration of the jury. No trial judge would exclude the confession on the evidence manifest in this record. Liska’s only chance, if it was even a chance, was to get all these facts about the confession to the jury in the hope that the jury, or at least some of the jurors, might believe his story as to how the confession was procured from him. His counsel had but little choice of routes to pursue, and we are not suggesting that he did not pursue the wisest course. At one point in the trial, counsel for the state said he was in doubt whether the written confession had in fact been formerly offered in
 
 *287
 
 evidence. Counsel for Liska insisted that it had been, and stated that, if the state had not offered it in evidence, he would have offered it himself. The situation was desperate in the extreme. The confession could not be kept out of the case. If in, and believed by the jury, as it evidently was believed, a finding of murder in the first degree was inevitable. The murder was wicked and horrible from every viewpoint. Any jury that believed Liska’s story about the duress would have acquitted him. When the- jury discredited his story about duress, they evidently discredited the balance of his testimony as well, in which he denied that he killed his wife. All errors assigned have been fully considered. We find no error in the record prejudicial to Liska. There is abundant evidence in the record to sustain the verdict and judgment in the trial court, and the judgments of the lower eourts will be affirmed.
 

 Judgments affirmed.
 

 Jones, Matthias, Day, Allen and Kinkade, JJ., concur.