Matthias, J.
 

 These five cases were argued and submitted together for the reason that the principal question of law involved therein is the same.
 

 C. Clayton Terrell was indicted by the grand jury of Clinton county on the charge of presenting a false and fraudulent bill and claim to the board of county commissioners of that county for the purpose of securing an order and warrant for the payment of the amount stated from the county treasury.
 

 Harry Moon was indicted by the grand jury of the same county, the charge being a violation of Section 12912, General Code, he having been a township trustee in Clinton county during the time covered by the charge.
 

 Upon trial a verdict of guilty was returned by the jury in each case and sentence was duly imposed by the trial court.
 

 
 *468
 
 Upon proceedings in error the Court of Appeals reversed the sentence and judgment of conviction in each case upon the sole ground that prejudice had resulted from the failure of the trial court to instruct the jury specifically as required by the provisions of Section 13442-9, General Code.
 

 The above two cases were ordered certified to this court upon motion.
 

 Mayme Brown McCleary, B. Bruce Blake and Harry D. Dallison were separately indicted by the grand jury of Belmont county, the charge in each case being forging indorsement of and uttering and publishing certain township warrants. Each was found guilty as charged, and upon proceeding in error judgment in each case was affirmed. The record in the McCleary case was certified to this court on the ground of conflict with the judgment of the Court of Appeals of the First district in the Moon case. In the other cases petitions in error were filed upon leave of this court.
 

 The pertinent portion of Section 13442-9, General Code, is as follows: “In charging the jury, the * * * court must state to the jury that in determining the question of guilt, it. must not consider the punishment but that punishment rests with the judge, as may be provided by law, except in cases of murder in the first degree or burglary of an inhabited dwelling.”
 

 It is conceded that the trial court did not so instruct the jury, but it is contended that such failure does not constitute reversible error for the reasons (1) that this was at most an omission to which counsel for the defendant should have directed the court’s attention when at the close of his charge he
 
 *469
 
 inquired of counsel whether anything had been omitted, and (2) that notwithstanding the mandatory character of the statutory provisions in question Section 13449-5, General Code, is controlling. The pertinent portion thereof reads as follows: “No motion for a new trial shall be granted or verdict set aside, nor shall any judgment of conviction be reversed in any court * * * f0r any misdirection of the jury unless the accused was or may have been prejudiced thereby; nor for any other cause whatsoever unless it shall affirmatively appear from the record that the accused was prejudiced thereby or was prevented from having a fair trial.”
 

 These sections are portions of the same act, being “An act to revise and codify the code of criminal procedure of Ohio,” etc., passed April 1, 1929 (113 Ohio Laws, 123). They are therefore
 
 in pari materia
 
 and must be construed together. The provisions of Section 13442-9, General Code, are mandatory in character, but they are no more mandatory upon the trial court than are the provisions of Section 13449-5, General Code, upon the reviewing court. Those provisions are mandatory in requiring that a judgment and conviction shall not be reversed for either of the several causes enumerated, nor “for any misdirection of the jury unless the accused was or may have been prejudiced thereby; nor for any other cause whatsoever unless it shall affirmatively appear from the record that the accused was prejudiced thereby or was prevented from having a fair trial.”
 

 The error committed by the trial court in these cases does not fall within those specifically enumerated in Section 13449-5, General Code. There was
 
 *470
 
 no misdirection of the jury. There was only an omission to charge in the specific language of the statute, and that omission falls within the
 
 ‘ ‘
 
 other cause ’ ’ last referred to, and hence the requirement applies that the judgment of conviction shall not be reversed unless it shall affirmatively appear from the record that the accused was prejudiced by the omission to charge the jury in the specific language of the statute that “in determining the question of guilt, it must not consider the punishment but that punishment rests with the judge. ’ ’
 

 It is therefore incumbent upon the reviewing court to inquire and ascertain whether it affirmatively appears from the record that the accused was prejudiced by the omission to charge. It is impossible to discern how the failure to charge the jury that the matter of punishment was not to be considered by them could in any way be to the detriment or disadvantage of the accused. Leniency in his behalf would probably result if the extent of, or even the fact of, punishment may be considered by the jury and permitted to have any effect upon their determination of the question of guilt of the offense charged. Manifestly it is to the advantage of the state that the jury be cautioned not to be influenced by the fact of or by the manner or extent of punishment that may follow their conclusion, for that is a matter of law with which they have no concern, and prejudice if any resulting from such omission was to the prosecution and not to the defendant. Surely no possible prejudice could result to the accused by the court’s failure to so caution, the jury, and thereby inferentially permit them to consider the matter of punish"
 
 *471
 
 ment and at least afford the opportunity of arousing sympathy in his behalf.
 

 In our opinion the provisions of Section 13449-5, General Code, precluded a reversal of the judgment in each of these cases upon the ground stated.
 

 It is urged, however, that the judgment of reversal in the case of State of Ohio v. Moon should be sustained on the ground that prejudicial error was committed by the trial court in the instructions relevant to the elements of the defense described in Section 12912, General Code. The essential portions of that section are as follows: “Whoever, being * * * trustee of a township, is interested in the profits of a contract, job, work or services for such * * * township * * * shall be fined,” etc.
 

 The court charged the jury in substance that the statute makes it an offense for a township trustee to be interested in the profits of a contract let by the trustees while he was serving in that office, but refused to charge the jury specifically that it was essential that they find that an actual profit had been made from the contract or transaction in question. It was not essential, as urged, that it be shown that a net profit actually resulted from the transactions in which the trustee had a financial interest. The record discloses the financial interest of the defendant in the contracts for services rendered the township while township trustee, the very thing the statute was intended to and does prohibit. He is by the statute precluded from becoming an employe of one having such contract. In this case the record discloses that though the service in question was ostensibly rendered by one L. I. Frazier, Frazier had little if any part in the several transactions involved.
 
 *472
 
 The truck was owned and maintained by the defendant and operated by men employed and paid by the defendant. The bills, approximately $1,000 in amount, presented for its use were in defendant’s own handwriting and the warrants issued in payment thereof were indorsed “L. I. Frazier” by defendant, and went into his bank account.
 

 To render such transaction illegal and a violation of the statute it is not essential that it be established that the trustee actually made a net profit therefrom. We are therefore of the opinion that there was no error prejudicial to the rights of either defendant in the trial of these cases.
 

 There are two additional errors alleged in the Belmont county cases which may be readily determined. The first is the alleged failure! of the trial court to read the statutory definition of reasonable doubt to the jury in accordance with the provisions of Section 13442-3, General Code. The Court of Appeals reached the conclusion that the language employed by the court upon that subject was “precisely the language of the statute,” and that court was probably warranted in regarding as a typographical error an apparent variation of one word which in any event could not be prejudicial.
 

 The further error claimed in these cases involved the introduction of evidence of like acts of the defendant. This procedure is now expressly authorized by statute, being Section 13444-19, General Code, and this evidence was competent if it would “tend to show his motive, intent, the absence of mistake or accident on his part, or the defendant’s scheme, plan or system in doing the act in question,” and its consideration was thus limited by an instruc
 
 *473
 
 tion which, though faulty in the language chosen, was not prejudicial to the defendants.
 

 It follows that in the Moon and Terrell cases the judgment of the Court of Appeals is reversed and the judgment of the court of common pleas affirmed; and that in the McCleary, Blake and Dallison cases the judgment of the Court of Appeals is affirmed.
 

 Judgment reversed in cause No. 22677, State
 
 v.
 
 Moon.
 

 Judgment reversed in cause No. 22685, State
 
 v.
 
 Terrell.
 

 Judgment affirmed in cause No. 22978, McCleary
 
 v.
 
 State.
 

 Judgment affirmed in cause No. 22992, Blake
 
 v.
 
 State.
 

 Judgment affirmed in cause No. 22993, Dallison
 
 v.
 
 State.
 

 Marshall, C. J., Jones, Day, Allen and Kinkade, JJ., concur.
 

 Robinson, J., concurs in proposition 3 of the syllabus, but not in the judgment.