Taft, J.
 

 The only justification for giving any answer to this inquiry of the jury, relative to the punishment in an instance where the jury recommends mercy in a case of murder in the first degree, is found in that portion of Section 13442-9, G-eneral Code, which reads:
 

 “The court must state to the jury that in determining the question of guilt, it must not consider the punishment but that punishment rests with the judge, as may be provided by law, except in cases of murder in the first degree or burglary of an inhabited dwelling.”
 

 However, it is unfortunate that the trial court ever went into the subject of “parole.” Cf.
 
 State
 
 v.
 
 Schiller, 70
 
 Ohio St., 1, 70 N. E., 505;
 
 State v. Karayians,
 
 108 Ohio St., 505, 141 N. E., 334;
 
 Liska
 
 v.
 
 State,
 
 115 Ohio St., 283, 152 N. E., 667. The jury had not even asked about that. It had simply inquired as to what defendant’s sentence would be and whether and when he could be pardoned if convicted of first degree murder with a recommendation of mercy.
 

 The argument of defendant in support of the judgment of the Court of Appeals is based on the contention that the trial court misstated the law when he told the jury that a person convicted of murder in the first degree with a recommendation of mercy “is eligible for parole after the expiration of 20 years” and that the law now “makes him eligible for parole after 20 years.”
 

 In arguing that this was a misstatement of the law defendant says:
 

 “* * * One so convicted in Ohio never becomes eligible for parole by mere lapse of time. He becomes
 
 *255
 
 eligible only if the Governor of the state, in the exercise of a constitutional prerogative, commutes his otherwise unconditional and unlimited life sentence. The sole and only thing done by the enactment which Judge Davis referred to was to provide a means whereby, after serving 20 full years of such a sentence, and provided, during all this time, the person’s prison conduct record was good, the parole board (an administrative body in the machinery of the state penal system) may, but is not required to, refer the prisoner’s ease for the consideration of the Governor. The Governor may grant or deny commutation, or may simply ignore the case. If the case is not favorably recommended to the Governor by the parole board, or if the Governor refuses or simply fails to act on the recommendation, the person never becomes eligible for parole.”
 

 The reasoning of the Court of Appeals on this point was as follows:
 

 “* * * Under the provisions of Section 2210-1, General Code, a prisoner serving a sentence of imprisonment for life for the crime of murder in the first degree, after having served twenty full years’ imprisonment, may have his sentence commuted by the Governor, if the statutory requirements pertaining to good conduct and the requirements of the Pardon and Parole Commission are met. The eligibility for parole is dependent upon a commutation of sentence by the Governor. The instruction of the court is not so limited. Should the Governor decline to commute the sentence, although recommended by the Pardon and Parole Commission, the prisoner never becomes eligible for parole. It is our opinion that this instruction misled the jury, since the instruction made it appear that in all events the prisoner would be eligible for parole at the end of twenty years’ imprisonment, or, at least, it was made to appear that it would be easier to obtain parole than the law provides. In our opinion
 
 *256
 
 this instruction was so misleading that it may have persuaded the jury not to extend a recommendation of mercy. ’ ’
 

 In what he said, the trial judge first pointed out that the law of this state had been “that a person found guilty [of first degree murder with a recommendation of mercy] shall not be recommended for pardon or parole, except upon proof of innocence established beyond a reasonable doubt.” The trial court then pointed out that the law in this respect had been changed and that now such a person is eligible for parole after the expiration of 20 years. In our opinion that statement, as made, was correct as far as it went even though such a prisoner is not now entitled to a parole' until certain events other than the lapse of 20 years have occurred. The inquiry of the jury, so far as it related to relief from the sentence, was “when or could he be pardoned.” It is quite clear that, by the use of the word “when,” the jury was concerned with the lapse of time, if any, before a pardon might enable the defendant to secure his freedom. What the trial court said with regard to parole related to the lapse of time before a parole might enable the defendant to secure his freedom.
 

 The fallacy in the argument of the defendant and in the reasoning of the Court of Appeals lies in considering the words “eligible for,” as used by the triai judge, the equivalent of the words “entitled to.”
 

 The word ‘ ‘ eligible ’ ’ has been defined as follows :
 

 “Forming a matter of choice; requiring selection.” (Webster’s New International Dictionary [2 Ed.].)
 

 For example, it is quite usual to state that a person is eligible to vote after he is 21 years old. However, in many parts of this state such a person is not entitled to vote until after he has registered. Thus, a party may properly be said to be eligible for something although he is not entitled to it.
 

 
 *257
 
 It is possible that what the trial court said with reference to parole
 
 may
 
 have led the jury to believe that it would be relatively simple for the defendant to get out of jail in 20 years if mercy should be recommended. Cf.
 
 Liska
 
 v.
 
 State, supra.
 
 This result would follow, not because the trial judge erred in what he said but because he did not go on and explain the difficulties that the defendant would have to meet before he became
 
 entitled to
 
 a parole.
 

 The journal entry of the Court of Appeals recognizes that the error of the trial judge involved not what the trial judge said but what he failed to say. Thus, the Court of Appeals states that “the trial judge erred * * * in the use of” certain language “in that the court did not further charge that parole would not be available * * * unless and until he obtained a commutation of his sentence by the Governor.”
 

 Counsel for the defendant did not request the trial judge to charge further with reference to parole.
 

 While an error may be of such a nature that it could not be corrected by the trial judge, the failure of the trial judge to charge further with reference to parole was not an error of that kind.
 

 A fair administration of justice requires that, when an error occurs in a trial, the trial judge should be given an opportunity, if possible, to correct it. Otherwise, a party could take a chance on success without raising any objection to such error, and then, if he failed to succeed, avail himself of an error which might otherwise have been corrected. See 3 American Jurisprudence, 25
 
 et seq.,
 
 Section 246.
 

 Any other rule would relieve counsel from any duty or responsibility to the court and place the entire responsibility upon the trial judge to give faultless instructions upon every possible feature of the case. This would disregard entirely the true relation between court and counsel which enjoins upon counsel the duty
 
 *258
 
 to exercise diligence and to aid the conrt, — not by silence to mislead the court into the commission of error.
 

 It follows that, in the absence of statutory provisions to the contrary, a party, represented by counsel, may not ordinarily avail himself of an error which was not called to the attention of the trial judge and which
 
 could
 
 and might have been corrected by the trial judge if it had been called to his attention.
 

 In Ohio for many years there have been such statutory provisions to the contrary so far as errors in the charge of the court are concerned. Thus, since January 1, 1936, Section 11560, General Code, has provided in part :
 

 ‘ ‘ Error can be predicated upon erroneous statements contained in. the charge, not induced by the complaining party, without exception being taken to the charge.”
 

 Also, prior to January 1, 1936, that section provided in part:
 

 *
 
 * a general exception taken to any charge of any court to a jury shall apply to any and all errors of law which may exist in such charge that are material and prejudicial to the substantial lights of the party excepting.” (93 Ohio Laws, 299.)
 

 Notwithstanding those statutory provisions, if the trial court gives an instruction on some feature of the case which instruction is incomplete but correct as far as it goes, counsel has the duty to request the trial court to charge further so as to eliminate any possible confusion of the jury which may result from the incompleteness of such instruction. Likewise, if the trial court, in an instruction, uses words with the meaning of which jurors are not familiar so that the jury may be confused by the use of such words, counsel has the duty to request the trial court to define those words or give explanations which will eliminate such possible confusion. If counsel makes no such request, he can
 
 *259
 
 not ordinarily claim error in a charge because of an instruction which is correct as far as it goes. The failure to go further is often referred to as an error of omission and not of commission. Unless counsel has requested the court to supply the omission, such error will not ordinarily justify a reversal even in a criminal case.
 
 State
 
 v.
 
 McCoy,
 
 88 Ohio St., 447, 103 N. E., 136;
 
 State
 
 v.
 
 Driscoll,
 
 106 Ohio St., 33, 138 N. E., 376;
 
 Holt
 
 v.
 
 State,
 
 107 Ohio St., 307, 325, 326, 140 N. E., 349;
 
 Rucker v. State,
 
 119 Ohio St., 189, 162 N. E., 802. In such instances, even a general exception to the court’s charge will not justify reversal of the judgment for such an error.
 
 State
 
 v.
 
 McCoy, supra; Holt
 
 v.
 
 State, supra.
 
 While, as defendant Contends, Section 11560, General Code, now does away with the necessity of a general exception to the court’s charge, it does not enable a party to secure reversal of a judgment because of any error of omission in the charge where counsel has not requested the court to supply that omission.
 

 In some respects the failure of the trial court to amplify his charge with respect to parole was advantageous to the defendant. For example, under Section 11, Article III of the Constitution, the Governor has the right at any time not only to pardon a prisoner but also to commute his sentence. Such a commutation of sentence, if made shortly after conviction, might conceivably result in the prisoner, who was serving a term of life imprisonment for first degree murder, receiving a parole long before having served 20 years in prison. Cf.
 
 State
 
 v.
 
 Moon,
 
 124 Ohio St., 465, 179 N. E., 350.
 

 By the provisions of Section 12400, General Code, the General Assembly has given to the jury an absolute discretion to recommend mercy which discretion should be exercised in view of all the facts and circumstances described by the evidence.
 
 Howell
 
 v.
 
 State,
 
 102 Ohio St., 411, 131 N. E., 706. This matter is con-
 
 *260
 
 tided fully and exclusively to such, discretion of the jury.
 
 State v. Ellis,
 
 98 Ohio St., 21, 120 N. E., 218;
 
 Liska
 
 v.
 
 State, supra.
 

 A recommendation of mercy presupposes a finding that clemency should be extended, and that some degree of leniency ought to be allowed. Therefore, where a jury had, as this jury did have, the court’s instruction that the jury was authorized to recommend mercy, and that instruction, as in the instant case, was unaccompanied by any
 
 restriction or limitation
 
 whatever
 
 upon its discretion
 
 to make such recommendation and the jury refused to make it, the conclusion is irresistable that the jury found the case to be one in which leniency or clemency should not be extended. A review of the record in this case leads inevitably to the conclusion that the recommendation of mercy was withheld because the jury believed the case to be one which did not warrant a recommendation of mercy rather than because the jury lacked any knowledge as to the effect such recommendation of mercy would have. See
 
 State
 
 v.
 
 Karayians, supra,
 
 511.
 

 We are not unmindful that, under Section 13449-5, General Code, a judgment of conviction should be reversed “for any misdirection of the jury” if “the accused * * * may have been prejudiced thereby.” Cf.
 
 Hallworth
 
 v.
 
 Republic Steel Corp.,
 
 153 Ohio St., 349, 91 N. E. (2d), 690. However, as hereinbefore pointed out, we do not believe that what the court said with respect to parole amounted to a “misdirection of the jury.” At most the court erred in failing to charge the jury further after giving a charge which was correct as far as it went. Since counsel failed to request any further instruction on the subject, defendant is not in a position to claim that the error of the trial court, in failing to give such instruction, entitles him to a reversal.
 

 It follows that the judgment of the Court of Appeals
 
 *261
 
 must be reversed and that of the Common Pleas Court affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Zimmerman, Stewart and P aught, JJ., concur.