Taft, J.
Defendant contends that the trial judge erred in what he said in his charge and in his answer to the question of the jury with respect to the effect of a recommendation of mercy in a verdict of guilty of first degree murder.
The last sentence of Section 2945.11, Revised Code, reads:
“The court must state to the jury that in determining the question of guilt, it must not consider the punishment but that punishment rests with the judge except in cases of murder in the first degree or burglary of an inhabited dwelling. ’ ’
Section 2901.01, Revised Code, reads in part :
“No person shall purposely, and either of deliberate and premeditated malice, or by means of poison, or in perpetrating or attempting to perpetrate rape, arson, robbery, or burglary, kill another.
“Whoever violates this section is guilty of murder in the first degree and shall be punished by death un *283 less the jury trying the accused recommends mercy, in which case the punishment shall be imprisonment for life.”
The second sentence of Section 2965.23, Revised Code, reads:
“A prisoner serving a sentence of imprisonment for life for murder in the first degree, and having maintained a good prison conduct record, shall after having served 20 full years’ imprisonment be brought before the Pardon and Parole Commission for a hearing to determine the advisability of a recommendation for commutation of sentence. ’ ’
Subdivision (C) of Section 2965.01, Revised Code, reads in part:
“ ‘Commutation’ or ‘commutation of sentence’ means the substitution of a lesser for a greater punishment. * * * After commutation the commuted sentence shall be the only one in existence.”
Section 11, Article III of the Constitution, reads -n part:
“He [the Governor] shall have power, after conviction, to grant reprieves, commutations, and pardons, for all crimes and offenses, except treason and cases of impeachment, upon such conditions as he may think proper; subject, however, to such regulations, as to the manner of applying for pardons, as may be prescribed by law.”
In view of the above-quoted portion of Section 2945.11, Revised Code, it is apparent that, in a case of murder in the first degree, the jury, in determining the question of guilt, may ‘ ‘ consider the punishment. ’ ’ It is argued, however, that this limits the jury to a consideration merely of the penalty of life imprisonment in the event that mercy is recommended and of death in the event that it is not; and that it is error for the court to tell the jury anything further with respect to the question of punishment.
*284 If the trial judge had done as defendant argues he should have done, he would have avoided any risk of error in this respect.
Thus the syllabus in State v. Schiller, 70 Ohio St., 1, 70 N. E., 505, reads:
“1. On the trial of an indictment for murder in the first degree where the court instructs the jury that if they shall find the defendant guilty as charged, they may, if they think proper, recommend mercy; and further instructs them that the legal effect of such recommendation by them will be to change the punishment of the accused from death to imprisonment in the penitentiary for life, such instruction is a correct and sufficient charge or instruction on that subject.
“2. On the trial of such indictment, the court is not required to instruct the jury that no person so convicted and imprisoned ‘ shall be recommended for pardon by the Board of Pardons, or for parole by the board of managers of the penitentiary, except upon proof of innocence established beyond a reasonable doubt [provisions of statute then in force];’ and the omission to so instruct the jury is not error. ’ ’
See also State v. Tudor, 154 Ohio St., 249, 254, 95 N. E. (2d), 385.
However, in the case of Liska v. State, 115 Ohio St., 283, 152 N. E., 667, it is said in the opinion “by the court, ’ ’ in refusing to set aside a conviction of murder in the first degree without recommendation of mercy:
“At least two forms of verdict were furnished to the jury for their use. Form No. 2 was a verdict of guilty of murder in the first degree, with recommendation of mercy. * * * the jury * * * asked the trial judge this question: ‘We would like to have you inform us if there is any hope of pardon if that verdict is brought in. ’
“The trial judge told the jury the pardon board could not recommend a pardon for one convicted of *285 murder in the first degree, except on evidence showing innocence beyond a reasonable doubt, and then also said to the jury that the Governor could pardon, if so disposed, at any time. Counsel for Liska insists that ‘this was prejudicial error of the most glaring kind.’ We cannot agree with counsel on this. The recommendation of mercy rests wholly in the sound discretion of the jury. They may extend or withhold as they see fit. The trial court might have declined to answer the question asked by the jury, but he did answer, and then told the jury it was not an issue in the case, and that it was not a thing for the jury to speculate upon. ”
Further, it is stated in paragraph two of the syllabus in State v. Tudor, supra:
“Where a jury’s inquiry, as to when a defendant could be pardoned after a conviction of first degree murder with recommendation of mercy, indicates concern as to the lapse of time before such defendant might secure his freedom and where, in answer to that inquiry, the trial judge first tells the jury that the law had been that such a person could ‘not be recommended for pardon or parole, except upon proof of innocence established beyond a reasonable doubt,’ there is no prejudicial error of commission if the trial judge further states to the jury that such law has been changed and that now such a prisoner is eligible for parole after the expiration of 20 years.”
In the instant case, since it is apparently conceded that what the trial court told the jury, with respect to the effect of a recommendation of mercy in a verdict of guilty of first degree murder, was a correct statement of the law as far as it went (even though the the trial court went further than it was required to in making that statement), this contention of defendant would seem to be answered by paragraph one of the syllabus in State v. Tudor, supra, which reads:
*286 ‘' Where a trial court gives an instruction in answer to an inquiry of the jury which instruction is incomplete but correct as far as it goes, counsel has the duty to request the trial court to charge further so as to eliminate any possible confusion of the jury which may result from the incompleteness of such instruction. Any failure to charge further, if it is error, is an error of omission and not of commission. Unless counsel has requested the court to supply the omission, such error will not ordinarily justify reversal even in a criminal case.”
Defendant has cited a number of cases from other jurisdictions involving death sentences on verdicts of first degree murder, which hold that it is reversible error for the trial court to advise the jury with respect to the power of the executive department to modify, either by way of pardon, parole, or otherwise, any lesser punishment than death that the jury may be authorized to provide for in the event of a verdict of first degree murder. Jones v. Commonwealth, 194 Va., 273, 72 S. E. (2d), 693, 35 A. L. R. (2d), 761; Commonwealth v. Johnson, 368 Pa., 139, 81 A. (2d), 569; Williams v. State, 191 Tenn., 456, 234 S. W. (2d), 993; Houston v. Commonwealth, 270 Ky., 125, 109 S. W. (2d), 45.
However, in addition to our decisions in the Liska and Tudor cases, contrary decisions have been rendered by the courts of last resort in other states. State v. Mosely (N. J.), 131 A., 292; People v. Barclay, 40 Cal. (2d), 146, 158, 252 P. (2d), 321, 327, 328; State v. Satcher, 124 La., 1015, 50 So., 835; State v. Carroll, 52 Wyo., 29, 69 P. (2d), 542; Griffith v. State, 157 Neb., 448, 59 N. W. (2d), 701; State v. Dworecki, 124 N. J. Law, 219, 10 A. (2d), 287. See State v. Buttry, 199 Wash., 228, 251, 90 P. (2d), 1026, 1036; annotation, 35 A. L. R. (2d), 769.
*287 .The General Assembly has expressly recognized that the jury, in determining whether to recommend mercy in a ease of first degree murder, may consider the punishment. Section 2945.11, Revised Code. It is difficult to comprehend how a jury can act intelligently, in determining whether to recommend mercy, without information as to just whát the punishment will be as a consequence of such a recommendation. The object of a criminal penalty is to punish the accused, deter others from crime, and to protect the public. Whether or not any one of these objects will be thwarted by a recommendation of mercy will necessarily depend upon the extent of the punishment which will result from such a recommendation; and thus the extent of that punishment should be a matter of concern to every juror in a first degree murder case. Certainly, in the instant case, the jury was not misinformed by being told that, under certain circumstances, the punishment of “imprisonment for life” might amount to no more than imprisonment in the penitentiary for 20 years.
On the other hand, by the words of the statute (Section 2909.01, Revised Code), relative to first degree murder, the “punishment” provide! where,the jury recommends mercy is “imprisonment for life.” It would appear, therefore, to accord literally with thu provisions of that statute if the trial court so advised the jury and refrained from explaining the power of the executive department to modify that punishment by way of pardon or commutation and parole.
Such a practice may result in a charge, more favorable to the interests of a defendant in a first degree murder case than he is entitled to, but it will avoid the risk of error that will.be incurred where the trial judge endeavors to give to the jury a fuller explanation as to the punishment which will or may follow a recom *288 mendation of mercy. The advantage to the state of avoiding that risk of error, as well as the advantage to the state and to the accused of eliminating such complicated questions from the questions to be considered by the jury, would seem sufficient to justify that practice.
If the jury requests further advice with respect to that punishment, the court may again tell the jury that the punishment provided for first degree murder, where mercy is recommended, is life imprisonment; and that the question of parole, if asked about by the jury, or the question of pardon, if asked about by the jury, or the question of commutation, if asked about by the jury, is not an issue in the case and is not a thing for the jury to speculate about.
Our conclusion is that, although it is proper and probably the better practice for the trial court in a first degree murder case to charge the jury that the punishment provided on a recommendation of mercy is life imprisonment and to refrain from explaining the power of the executive department to modify that punishment by way of pardon or commutation and parole, the trial court may in its discretion explain to the jury .that power of the executive department to modify that punishment.
It is next argued by the defendant that the court erred in charging the jury as to the penalty for second degree murder and in answering the jury’s question with respect to the eligibility for parole of one convicted o'1’ second degree murder.
In view of the provisions of the last sentence of Section 2945.11, Revised Code, quoted above, it is clear that these actions of the court constituted errors of commission. However, Section 2945.83, Revised Code, reads so far as pertinent:
“No motion for a new trial shall be granted or ver *289 diet set aside, nor shall any judgment of conviction be reversed in any court because of:
<<-•***
“ (D) A misdirection of the jury unless the accused was or may have been prejudiced thereby * *
In the instant case, as hereinbefore pointed out, although the trial court might have refused to do so, it did not err in explaining to the jury as fully as it did what the punishment for first degree murder with a recommendation of mercy would be. Thus the jury already had been properly informed and knew that life imprisonment for first degree murder with a recommendation of mercy might amount to no more than imprisonment for 20 years. In order to conclude that defendant may have been prejudiced by the errors of the court in giving the jury information with respect to the penalty for the lesser crime of second degree murder, we must assume that the jury, influenced by that additional knowledge that life imprisonment for that lesser crime might mean imprisonment for as little as ten years, was induced to disregard its sworn duty and to find defendant guilty of first degree murder and not to recommend mercy when it believed him guilty of only second degree murder. In our opinion, to make such an assumption would be to indulge in pure speculation and to disregard the plain provisions of Section 2945.83, Revised Code. If we assume that the jury did disregard its sworn duty and was induced to withhold its recommendation of mercy, because it believed the penalty which would follow such a recommendation and about which it was properly informed was too lenient, certainly the additional information improperly given to it, that a penalty for second degree murder would be even more lenient, could not conceivably have been even a contributing factor in inducing the jury to render the verdict which it did. *290 This contention of defendant would have more force if the jury had found defendant guilty of first degree murder but had recommended mercy. See Kolotich v. State, 104 Ohio St., 156, 135 N. E., 544; 26 American Jurisprudence, 546, Section 556. In such an instance, the information which should not have been given to the jury, that one convicted of second degree murder might be paroled within ten years, when coupled with the information properly given to the jury, that one convicted of first degree murder with a recommendation of mercy would apparently be imprisoned for at least 20 years, might conceivably have influenced the jury to find the defendant guilty of first degree murder with a recommendation of mercy so as to provide a longer imprisonment.
Defendant also contends that the trial court erred in not charging the jury, as required by the portion of Section 2945.11, Revised Code, hereinbefore quoted, :o the effect that, in determining the question of guilt, the jury must not consider the punishment but the punishment rests with the judge, as may be provided by law, except as to first degree murder. Since no request was made that any such charge be given, this error of omission will not justify a reversal. In State v. Moon, 124 Ohio St., 465, 179 N. E., 350, this court so held.

Judgment affirmed.

Weygandt, C. J., Matthias, Zimmerman and Bell, JJ., concur.
Hart and Stewart, JJ., dissent.