DECISION AND JUDGMENT ENTRY
This case is before the court on appeal from the Erie County Court of Common Pleas, which entered a judgment on a jury verdict in favor of appellees Perkins Township Board of Trustees ("the Township"), Timothy McClung, Adolphus Matthews, and John Maguire. For the reasons that follow, we find that the decision of the Erie County Court of Common Pleas should be reversed.
Appellant Rebecca Hann was the first full-time female police officer on the Perkins Township police force. In 1998, she filed a complaint for sexual discrimination, harassment, and retaliation in violation of R.C.4112.02 against all of the appellees, for intentional infliction of emotional distress against McClung, Matthews, and Maguire, and for defamation against McClung and Maguire. The harassment, discrimination, retaliation, and intentional infliction of emotional distress claims were tried to a jury, and the jury found in favor of appellees on all claims. Appellant now appeals the judgment in favor of the Township and McClung on the retaliation claim and the judgment in favor of the Township on the discrimination claim. She sets forth the following assignments of error:
 "ASSIGNMENT OF ERROR NO. 1: THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY MISLEADING THE JURY AS TO THE LAW BY RE-READING ONLY A PORTION OF THE APPLICABLE JURY INSTRUCTIONS TO THE JURY DURING DELIBERATIONS Trial Transcript at 1299-1304
 "ASSIGNMENT OF ERROR NO. 2: THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY PREVENTING THE PLAINTIFF FROM INTRODUCING KEY EVIDENCE ESTABLISHING THE ESSENTIAL ELEMENTS OF HER DISCRIMINATION CLAIM AGAINST THE TOWNSHIP Trial transcript at 770-772
 "ASSIGNMENT OF ERROR NO. 3 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY REFUSING TO ALLOW PLAINTIFF'S TREATING PSYCHOLOGIST TO OFFER TESTIMONY AS TO THE CAUSATION OF THE PLAINTIFF'S MENTAL DISTRESS BASED ON AN ERRONEOUS CONCLUSION OF LAW Trial Transcript at 561
 "ASSIGNMENT OF ERROR NO. 4 THE TRIAL JUDGE'S CONTINUOUS INAPPROPRIATE AND PREJUDICIAL COMMENTS AND TREATMENT OF THE PLAINTIFF AND HER COUNSEL IN FRONT OF THE JURY MERIT A NEW TRIAL Trial Transcript at passim[.]"
In her first assignment of error, appellant argues that the trial court erred in re-reading a portion of the jury instructions, which, she contends, served to emphasize one claim to the exclusion of the others. When the trial court instructed the jury at the close of evidence, the court gave the usual instructions on burden of proof, types of evidence, causation, etc. The court then instructed the jury on the merits of the case, giving instructions on hostile work environment sexual harassment, the burden of proof in sexual harassment and discrimination cases, the "reasonable person" standard, respondeat superior, retaliation, constructive discharge, intentional infliction of emotional distress, and damages. Finally, the court instructed the jury on the conduct of deliberations.
After beginning deliberations, the jurors posed a written question to the court regarding the jury instructions. The following dialogue took place outside the hearing of the jury:
 "THE COURT: Now, the second question that came in at 2:38 p.m., quote: June 12th, 2000. Are we allowed to look at the sexual harassment law and all the papers the Judge read at the end? Hann Jury. Jim Bryner. 2:38 p.m.
 "We're about to address that. The Court suggests beginning with Proposed Jury Instruction No. 11 and ending with page 22 of Proposed Jury Instruction No. 16 of the Defendant. Okay. Whoever wants to address anything, get it on the record.
 "MR. MURRAY [appellant's attorney]: Thank you, Your Honor. Your Honor, the question calls — asks for all of the — to be able to look at all of the charge. We believe that if we give only a portion of the charge, it will give undue emphasis. And the word, sexual harassment, may not have the same definition to this jury as it does in the law.
 And therefore, we would ask that the entire elements of sexual harassment, discrimination, retaliation be reread if that's what the Court's inclined to do, or the jury can be told that they do not get further instruction and that would be our preference, or give them the entire. But giving them some portion of the charge, as I said, I believe creates an emphasis that would be inappropriate.
 "MR. LATCHNEY [appellees' attorney]: I suspect they started out with the first interrogatory and then wanted to know what harassment was and they couldn't remember what the definition was, so that's why they asked for harassment. If they come back later on and ask for the definition of retaliation, then that would be the appropriate time to —
"THE COURT: — they got there yet.
"MR. LATCHNEY: Haven't even got there yet.
 "THE COURT: Probably not. Well, the objection of the Defendant — of the Plaintiff is noted."
The trial court then called the jury in, and the following dialogue took place:
 "THE COURT: You may be seated. In response to the question received from the foreman at 2:38 p.m. the Court is going to read all of the charge involving sexual harassment. Is that what I understand you wanted?
"JUROR: Yes, sir.
"THE COURT: Thank you."
The court proceeded to re-read the instructions on hostile work environment sexual harassment, but he did not re-read the instructions on sexual discrimination, in general, or on retaliation. Following his re-reading of the instruction, and without further discussion with the jurors, the trial court instructed the jury to continue its deliberations. The transcript then indicates that, after the jury left the courtroom, the trial judge stated, " — by the foreman as he left the courtroom indicates the word, all the papers the Judge read. That's exactly what they were asking for. Okay. Thank you."
Appellant contends that the trial court erred in: (1) re-reading only a portion of the charge instead of all of the law on sexual discrimination, including harassment and retaliation; and (2) leading the jury to believe that this was the entire charge originally read to them, by stating, "the Court is going to read all of the charge involving sexual harassment." According to appellant, the jury is not as facile with legal terms as are judges and attorneys, and its use of the term "harassment" could very well be taken to include all of the relevant aspects of sexual discrimination, including harassment and retaliation. Re-reading only a portion of the charge, according to appellant, only served to confuse the jurors.
Appellees, on the other hand, contends that, had the jurors wanted more of the instructions read, they could have asked, and they did not. Appellees characterize appellant's suggestion that the jurors could have been confused as "absurd." In short, appellees believe that the judge acted reasonably in responding to the jurors' question and that he did not abuse his discretion.
We must review the trial court's answer to the jury's question to determine if the court abused its discretion when it read only a part of the charge. See State v. Carter (1995), 72 Ohio St.3d 545, paragraph one of the syllabus. The Supreme Court of Ohio has stated that "[t]he term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, quoting State v. Adams (1980), 62 Ohio St.2d 151, 157.
In this case, we agree with appellant that the jurors' use of the term "harassment" along with the phrase "and all the papers the judge read at the end" presented a request that was confusing at best. Appellees admit in their brief that this request was "ambiguous." Because the request was confusing, if the trial court was going to give any additional instruction, it should have engaged in some sort of dialogue with the jurors to determine precisely what sort of information they sought. See 1 Ohio Jury Instructions (2001) 80, Section 1.90. By providing additional instruction only on harassment and not on discrimination in general and on retaliation, and without ascertaining that this was, in fact, what the jurors requested, the trial court unduly emphasized that one claim to the exclusion of the others. Furthermore, if the jury believed that the term "harassment" included discrimination and retaliation, the trial court's statement to the jury that it was giving them "all of the charge" on harassment served to only confuse them further. A trial court errs in providing confusing responses to a jury's questions. See State v. Manny (May 26, 1992), Warren App. No. CA91-06-054, unreported (finding error in the trial court's confusing responses but, appellant having not objected, not finding plain error). We find that the trial court erred to the prejudice of appellant in supplying this answer that was confusing, at best, and misleading, at worst.[1]
Further, the Supreme Court of Ohio has addressed the situation where a trial court's answer to a jury's question during the course of its deliberation is correct but incomplete. The Supreme Court held that, in such a situation, the trial court's error, if any, is an error of omission and not commission, and it is not reversible error unless the appellant's attorney requests that the trial court supply the omission. _State v. Tudor (1950), 154 Ohio St. 249, paragraph one of the syllabus. Here, appellant does not contend that the trial court's instruction was incorrect; she contends, in effect, that it was incomplete. We agree. Further, her attorney objected and requested that the trial court provide a complete instruction (or provide no instruction). Since the trial court failed to do so, we find that the trial court abused its discretion. Appellant's first assignment of error is found well-taken.
Having found appellant's first assignment of error well-taken, it is unnecessary for us to address the remainder of her assignments of error.
On consideration whereof, we find that substantial justice was not done the party complaining, and the decision of the Erie County Court of Common Pleas is reversed. This case is remanded for proceedings consistent with this decision. Appellees are ordered to pay the court costs of this appeal.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J. JUDGES CONCUR.
[1] This case is distinguishable from Freeman v. Taco Bell Corp. (May 18, 2001), Lucas App. No. L- 00-1205, unreported. In Freeman, this court rejected appellant's contention that, in responding to a question posed by the jury, the trial court placed undue emphasis on one portion of the instructions by providing those instructions in writing when the entire set had been given only orally. Appellant did not object to re-reading
only that portion of the instructions; appellant only objected when that portion was given in writing. The court concluded that the written instructions did not place undue emphasis on only part of the case, noting that the written instructions provided a "balanced view" of the theories presented by each party. In this case, unlike in Freeman, appellant objected to an oral re-reading of only part of the charge. Further, as we have noted, the portion of the instructions re-read to the jury did not provide a "balanced view" of the parties' theories when they did not include instructions on several of appellant's theories.