THE STATE v. WALLER *Appellant.*

1. **Criminal Practice :** VARIANCE. The wound, on a trial for murder, may be proved by the state to have been made on a part of the body different from that alleged in the indictment.

2. ———— : OBJECTION TO JUROR. The objection that one of the jurors was not a citizen of the county where the trial was had comes too late under the statute (R. S., sec. 2778) after his acceptance and qualification as a juror.

*Appeal from Livingston Circuit Court.*—HON. JAMES M. DAVIS, Judge.

AFFIRMED.

*L. A. Chapman* and *Davis & Wait* for appellant.

*B. G. Boone*, Attorney General, for the state.

(1) The omission of the word "county" after the word "Livingston" in the indictment is cured by the statute of jeofails. Section 1821, Revised Statutes. The venue is subsequently and expressly laid at "Livingston county in the state of Missouri." (2) The defendant in-

sists that the evidence is insufficient to support the indictment because it was shown that the wound from which Shepherd died was inflicted in his arm when the indictment charges that it was on his body. This is immaterial. R. S., sec. 1821. It was not necessary to prove the facts as alleged. *State v. Edmundson*, 64 Mo. 398 and cases cited; 2 Bish. Crim. Law (2 Ed.) sec. 525; 4 Parker C. C. N. Y., 535; 22 N. Y., 147; *Whelchell v. State*, 23 Ind. 89; *Jones v. State*, 35 Ind. 122. (3) The instructions given present every phase of the case, under the evidence, fully and fairly to the jury. This was all that was required. The instructions refused were not supported by the testimony, are incorrect declarations of law and were properly refused. (4) Defendant's motion for a new trial contains the further averment that one of the jurors on the trial panel was not a resident of the county of Livingston and was not a qualified juror of Livingston county. This was a ground of challenge to the polls; and the objection comes too late when made for the first time in a motion for a new trial. 1 Bish. Crim. Proc. (2 Ed.) sec. 923 and cases cited. After a juror is sworn no exception can be taken to him on account of his being a non-resident of the county. *Mima Queen v. Hepburn*, 7 Cranch, 290. In this state, it is provided by statute that no exception to a juror on account of citizenship, non-residence, state or age shall be allowed after the jury is sworn. R. S., sec. 2778.

NORTON, J.—Defendant was indicted in the Livingston county circuit court at its January term, 1884, for murder in the first degree for stabbing and killing one Green Shepherd on the twenty-fourth of December, 1883. He was put upon his trial at the April adjourned term, 1884, of said court and was convicted of murder in the second degree, from which he has appealed to this court. The grounds stated in the motion for new trial are substantially, that the court erred in admitting evi-

dence and in giving improper and in refusing proper instructions; that Beach, one of the jurors, was not at the time of the trial a citizen or resident of Livingston county.

The physicians who attended the deceased on the day he was stabbed testified that he was stabbed in the upper part of the arm, the wound being four inches deep, and an inch and a half wide at the mouth, cutting and severing the main artery, causing his death. This evidence was objected to on the ground of variance from the indictment, which alleged that the wound was inflicted on the body of the deceased. This objection was properly overruled on the authority of the case of *State v. Edmundson*, 64 Mo. 398, where it is held that though an indictment may allege the wound to have been inflicted on one part of the body it is not a variance justifying our interference, when the state is allowed to prove on the trial that the wound was inflicted *on a different part of the body from that alleged.*

The omission of the word "county" after Livingston in the indictment is cured by section 1821, Revised Statutes. The indictment, besides having the caption, "State of Missouri, Livingston county," expressly alleges "that Lewis Waller, late of said county * * * at the said county of Livingston, and state of Missouri, in and upon," etc.

As to the objection that Beach, one of the jurors, was not a citizen of Livingston county, it may be said that while this would have been a good cause for challenge when he was offered as a juror, the objection, if not then made, comes too late after his acceptance and qualification as a juror, it being provided by section 2778, Revised Statutes, "That no exception to a juror on account of citizenship, non-residence, state or age shall be allowed after the jury is sworn." The court on behalf of the state gave instructions both as to murder in the first and second degrees and also as to manslaughter in the fourth degree. It is sufficient to say of them, without incor-

porating them in this opinion, that they are such as have been repeatedly sanctioned by this court; that the various grades of homicide to which they relate were properly defined, and they are the only grades of homicide to which the evidence could be applied.

Seven instructions were also given on behalf of defendant, among them one defining manslaughter in the fourth degree, and six were refused. The first of the refused instructions related to manslaughter in the fourth degree. Two instructions had already been given by the court, one for the state and one for the defendant, covering fully that grade of offence, and the instruction was properly refused for that if for no other reason. The second instruction refused was simply in the nature of a demurrer to the evidence, and was properly overruled as there was abundant evidence tending to show the defendant guilty of one or the other of the grades of homicide, defined in the instructions given by the court.

The other refused instruction related to the reasonable doubt that would authorize an acquittal. The court had already in proper instructions, given on behalf of the state as well as defendant told the jury that if from the evidence they had a reasonable doubt of defendant's guilt in any degree of homicide defined, they must acquit, and for this reason the instructions were rightfully refused. We find nothing in the record authorizing us to interfere with the judgment and it is hereby affirmed. All concur.