PRESTON, *Appellant*, v. THE HANNIBAL & ST. JOSEPH
RAILROAD COMPANY.

### Division Two, January 21, 1896.

1. **Practice**: IMPANELING JURIES: WAIVER. *Where no exceptions are
saved to the impaneling of jurors claimed by appellant not to have
been sworn on their voir dire the objection can not be raised on
appeal.*

2. **Railroad**: PERSONAL INJURIES: EVIDENCE. *In an action against a
railroad for personal injuries where the issue is whether the plaintiff
was thrown by the conductor from a moving train, or jumped from it
and fell, it was competent for the defendant to show that plaintiff
was in the habit of getting on defendant's trains at its station and
riding several hundred feet and jumping off.*

3. ———: ———: ———. *Prior statements of plaintiff that it was his
intention to go on such train as a passenger were inadmissible.*

*Appeal from Monroe Circuit Court.*—HON. R. F. ROY,
Judge.

AFFIRMED.

*A. D. Bell* and *R. B. Bristow* for appellant.

(1)  The court admitted testimony as to habit of
plaintiff and others of going on and jumping off the
moving train at the station of Monroe.  (2) The court
having admitted evidence of the habit of plaintiff and
others of getting on and jumping off moving trains, to
the prejudice of plaintiff, ought in all fairness to have
admitted the evidence of plaintiff tending to show that
he had business in Hunnewell and was going there on
business; the court excluded this evidence. *Coughlin
v. Haeussler*, 50 Mo. 126; *State v. Sherman*, 55 Mo. 83.
(3)  Jurors Sanders and Dixon were not qualified jur-
ors to try the cause, and as soon as the court's atten-

tion was called to it, it ought to have set the verdict aside.

*Spencer & Mosman* for respondent.

(1)    The court did not err in excluding the oral declaration of the plaintiff, made at the time he was paid his wages by his employer, or in refusing to let him swear on what particular business he was going to Hunnewell.    A party can not manufacture evidence in his own favor.    His own oral declarations are incompetent.    *State v. Sherman,* 55 Mo. 83.    (2)    It is error to admit incompetent evidence, which has a tendency to corroborate in an immaterial and unimportant particular.    *Ritter v. Bank,* 87 Mo. 574; *Graham v. Auerswald,* 53 Mo. App. 131.    (3)    No exception to the qualification of a juror can be allowed after the jury is sworn.    Sec. 6061, R. S. 1889; *State v. Waller,* 88 Mo. 404.    "If a party permits a juror to be examined without oath, making no objection thereto, his consent will be implied."    Thompson on Trials, sec. 101.

GANTT, P. J.—This action was brought by the plaintiff to recover for injuries sustained by him in being ejected from a passenger train while in motion after it had pulled out from a station and proceeded some two hundred yards.

The evidence showed that plaintiff and a number of other young negro men living in Monroe were in the habit of getting upon the passenger trains, and seeing how far they could ride on the train and safely alight therefrom.    The testimony of plaintiff's own witnesses showed conclusively that he joined with others in this practice. The plaintiff himself, though sworn as a witness, did not deny it.    He, however, claimed that without any provocation whatever, after he had informed

the conductor that he wanted to go to Hunnewell, and put his hand in his pocket to get the money to pay his fare, the conductor suddenly and violently threw him from the train. The case was submitted to a jury, who returned a verdict in favor of defendant. After an unsuccessful effort to secure a new trial, the appellant (plaintiff below) brings the case to this court by appeal.

The only errors complained of are, *first*, the exclusion of the declarations of plaintiff in his own favor, and, *second*, it is charged that two of the jurors on the *voir dire* were not sworn, so that their examination might be taken under the solemnity of an oath.

I.   No exceptions were saved to the impaneling of the two jurors. It is not claimed that they were not sworn to try the cause, but simply and only that they were not sworn on their *voir dire*.   Neither is it even suggested that these two jurors had not the necessary qualifications, or that plaintiff was in fact prejudiced by the failure to have them sworn on their *voir dire*. It nowhere appears when the knowledge of this omission first came to the plaintiff and his counsel. The contention is without merit and comes too late. Sec. 6061, R. S. 1889; *State v. Waller*, 88 Mo. 404.

II.   The issue was distinctly made. Plaintiff asserted he was shoved off the train by the conductor; the defendant's witnesses testified he jumped and fell. On the part of defendant it was shown that plaintiff was in the habit of getting on defendant's trains at this station and riding several hundred feet and dropping off.   As explanatory of the accident and injury in connection with the other evidence we think this was competent evidence. It was confined to plaintiff's own conduct at this particular station.

III.   There was clearly no error in excluding his statements to his employer of his intentions to go to

Vol. 132 mo—8

Hunnewell. He might have intended to steal a ride with the money in his pocket. Neither would it have thrown any light on the issue to have permitted him to show that another person in Hunnewell had some of his property in possession. The judgment is affirmed. SHERWOOD and BURGESS, JJ., concur.