Taft, J.
It is a general rule that an appellate court will not consider any error which counsel for a party complaining of the trial court’s judgment could have called but did not call to the trial court’s attention at a time when such error could have been avoided or corrected by the trial court. 3 American Jurisprudence, 25 et seq., Section 246. That rule has frequently been applied by this court. Adams v. State, 25 Ohio St., 584, State v. McCoy, 88 Ohio St., 447, 103 N. E., 136, State v. Driscoll, 106 Ohio St., 33, 138 N. E., 376, Tari v. State, 117 Ohio St., 481, 159 N. E., 594, Rucker v. State, 119 Ohio St., 189, 162 N. E., 802, State v. Tudor, 154 Ohio St., 249, 95 N. E. (2d), 385. See also Rhoades v. City of Cleveland, 157 Ohio St., 107, 105 N. E. (2d), 2.
Unquestionably, the trial judge should have avoided the error of failing to have an oath or affirmation administered to prospective jurors, as required by Section 2945.27, Revised Code, just as a trial judge should avoid all errors in the course of a trial. If counsel for the defendant had requested the trial judge to avoid that error and the trial judge had refused to do so, then clearly this defendant should be able to rely upon such error as a ground for reversal of his conviction. See State v. Smith, 123 Ohio St., 237, 174 N. E., 768. However, we do not believe that we should, without some good reason or unless required to do so by some applicable statute (see Patterson v. State, 96 Ohio. St., 90, 104, 117 N. E., 169, L. R. A. 1918A, 583), approve a practice which would enable counsel to place his client in a position where he could take advantage of a favorable verdict and, at the same time, avoid an unfavorable verdict merely because of an error of the trial judge that counsel made no effort to prevent when he could have made such effort and when such error could have been avoided. Such a practice would enable counsel to obtain for his client more than the one fair trial to which he is entitled. See Stewart v. State, 15 Ohio St., 155, 161.
If it should be contended that defendant’s counsel’s refusal-to waive the requirements of Section 2945.27, Revised Code, amounted to an objection to the failure of the trial judge to ad *476 minister oaths or affirmations to prospective jurors before their examination, it is obvious that that objection on the third day of trial and long after completion of the voir dire examination was too late. Certainly, defendant’s counsel’s lack of knowledge of the requirements of Section 2945.27, Revised Code, when the trial judge could have been requested to comply therewith in time to do so, will not excuse such counsel’s delay in objecting to the failure of the trial judge to so comply. Also, since defendant and his counsel were present in court at the time that the trial judge should have but did not administer such oaths or affirmations, their failure to note the fact that no such oaths or affirmations were then administered would not excuse the delay in objecting to the failure of the trial judge to comply with those statutory requirements. See Watts v. Ruth, 30 Ohio St., 32, Wilder v. State, 25 Ohio St., 555, Kenrick v. Reppard, 23 Ohio St., 333.
Furthermore, unlike in Maggio v. City of Cleveland, 151 Ohio St., 136, 84 N. E. (2d), 912, there is nothing in the record in the instant case to indicate that defendant was in any way prejudiced by any false answer that a juror may have given on his voir dire examination. See also Pearson v. Gardner Cartage Co., Inc., 148 Ohio St., 425, 76 N. E. (2d), 67. It is not even suggested that any false answer was given by a juror on the voir dire examination of jurors. Hence, it is apparent that there is nothing in the record to show that the failure of the trial judge to have oaths or affirmations administered to prospective jurors before their voir dire examination could in any way have prejudiced the defendant.
Section 2945.83, Revised Code, reads so far as pertinent:
“No motion for a new trial shall be granted or verdict set aside, nor shall any judgment of conviction be reversed in any court because of:
“ (A) An inaccuracy or imperfection in the indictment, information, or warrant, provided that * * *
“(B) A variance between the allegations and the proof thereof unless * * *
“(C) The admission or rejection of any evidence * * * unless * * *
“(D) A misdirection of the jury unless * * *
“(E) Any other cause unless it appears affirmatively from *477 the record that the accused was prejudiced thereby or was prevented from having a fair trial.” (Emphasis added.)
Obviously, the emphasized portion of the foregoing statute is applicable to the cause of reversal relied upon by the Court of Appeals in its judgment.
However, defendant argues that, if a criminal trial is not conducted in accordance with the mandatory requirements of the Ohio statutes, that trial will be a nullity; and he therefore contends that the failure of the trial judge to swear the jurors before their voir dire examination was such an error as to entitle defendant to a new trial, even though defendant did not call such failure to the trial judge’s attention when defendant could have done so in time to enable the trial judge to avoid such failure and even though there was no prejudice to defendant from such failure.
The precise question raised by this contention has never been considered by this court; and there is little authority outside this state on that question. See 31 American Jurisprudence, 120,133, 204, Sections 136, 154, 240; 50 Corpus Juris Secundum, 1014, Section 251. What authority there is appears to be adverse to defendant’s contention. Preston v. Hannibal & St. Joseph Ed. Co., 132 Mo., 111, 33 S. W., 783. See Trullinger v. Webb, 3 Ind., 198, Zell v. Commonwealth, 94 Pa., 258, Commonwealth v. Ware, 137 Pa., 465, 20 A., 806, State v. Hoyt, 47 Conn., 518, 36 Am. Rep., 89, Miller v. State, 122 Miss., 19, 84 So., 161, Hilton & Hodge Lumber Co. v. Ingram, 135 Ga., 696, 70 S. E., 234. Furthermore, we believe that reference to a few of our decisions will clearly indicate its unsoundness.
Thus, paragraph one of the syllabus of State v. Moon, 124 Ohio St., 465, 179 N. E., 350, reads:
“The provisions of Section 13442-9, General Code, requiring the court to state to the jury that it must not consider the punishment, but that punishment rests with the judge, are no more mandatory than are the provisions of Section 13449-5, General Code, requiring that a judgment of conviction shall not be reversed unless it shall affirmatively appear from the record that the accused was prejudiced thereby or- was prevented from having a fair trial. ’ ’
The syllabus in Warner v. State, 104 Ohio St., 38, 135 N. E., 249, reads:
*478 ‘ ‘ The failure by a court to perforin its statutory duty of admonishing the jury concerning their conduct while separated during the trial, does not constitute reversible error, where it is not shown that the jury were in fact guilty of misconduct or indiscretions and where it further appears that counsel for plaintiff in error observed the omission and did not call the attention of the court thereto.”
To the same effect is Kolotich v. State, 104 Ohio St., 156, 135 N. E., 544.
In Tingue v. State, 90 Ohio St., 368, 108 N. E., 222, Ann. Cas. 1916C, 1156, paragraph three of the syllabus reads:
“A mistrial should not be ordered in a cause simply because some error has intervened. The error must prejudicially affect the merits of the case and the substantial rights of one or both of the parties, and this is as true of the temporary absence of the judge as any other departure from due process of law during the trial of a cause. ’ ’
In the court’s opinion at page 375 et seq., it is said:
“The chief purpose of the presence of the judge while the arguments of counsel are being made to the jury is to see to it that the procedure is regular, that the ethics of counsel shall be duly observed, that no unfair or unjust advantage shall be taken by one side against the other and that, if objection be made to misconduct of any counsel, theré shall be a judge present to entertain it and to properly rule upon it.
“Now, it is not claimed in this case that there was any misconduct of counsel during the argument nor anything else irregular or erroneous, except the mere temporary absence of the trial judge during a part of the argument and while said trial judge was preparing his charge to the jury. It does not appear from the record that there was any objection to such absence, nor that it resulted prejudicially in anywise to the defendant. ’ ’
In Kenrick v. Reppard, supra (23 Ohio St., 333), the syllabus reads in part:
“Asa general rule, a party failing to make inquiry as to the competency of a juror at the time he is impaneled will be held to have waived all objection to his competency; and it is not enough, in order to take the case out of this general rule, for the party to show simply that at the time of impaneling the juror he *479 was ignorant of the fact of his incompetency, or believed him to be competent * *
In Wilder v. State, supra (25 Ohio St., 555), the syllabus reads:
“Where the court, sua sponte, inquired of the jury, as directed by Section 11 * * * (70 Ohio L., 167), without eliciting ground for challenge, and no challenge was in fact made, and no further diligence used to ascertain the ground for challenge, the judgment will not be reversed although the party against whom it was rendered was at the time ignorant of the fact that a juror had served as a talesman within the next preceding twelve months. ’ ’
In Watts v. Ruth, supra (30 Ohio St., 32), the syllabus reads in part:
“2. When a party at the time the juror is impaneled fails to make any inquiry of the juror as to his competency, he, by such omission, waives all objection to the competency of such juror that could have been ascertained by such inquiry, except such as the court is required to ascertain sua sponte.
“3. * * * to take a case out of this general 'rule, it is not enough * * * simply to show that the juror was * * * married **#.*#* doing business for himself; had the appearance of being 21 * * *; that the party was ignorant of his minority, and believed the juror at the time he was impaneled to be competent.”
In Erwin v. State, 29 Ohio St., 186, 23 Am. Rep., 733, the second paragraph of the syllabus reads :
“Where, on the trial of a criminal cause, a juror is challenged by the defendant for cause, and the challenge is improperly refused; but such juror is afterward excused on a peremptory challenge, the judgment will not be reversed for such error, if an acceptable jury be impaneled before the defendant has exhausted his right to peremptory challenges. (Mimms v. State, 16 Ohio St., 221).”
In State v. Sheppard, 165 Ohio St., 293, 135 N. E. (2d), 340, paragraph four of the syllabus reads:
“In a criminal case, in the absence of an affirmative showing that the defendant was prejudiced thereby, a judgment of conviction will not be reversed because one of the officers to *480 whose charge the jurors were committed during the night hours between sessions of their deliberations [notwithstanding the provisions of Section 2945.33, Revised Code, that “such officer shall not permit a communication to be made to them, nor make any himself” except in certain instances not there involved] permitted some jurors to make telephone calls in his presence and within his hearing to members of their immediate families.”
We have been referred to no decision of this court holding that a judgment of conviction can be reversed for a cause that would necessarily represent a “cause” within the meaning of Section 2945.83 (E), Revised Code, where such cause was not complained of at a time when counsel had an opportunity to call it to the attention of the trial court in time to avoid or prevent it and where it does not affirmatively appear from the record that defendant was prejudiced thereby. It may be, as held in State v. Grisafulli, 135 Ohio St., 87, 19 N. E. (2d), 645, that what is now Section 2945.83, Revised Code, may not be invoked “in a ease which discloses the clear disregard of a constitutional prerogative” (but see Griffin v. State, 34 Ohio St., 299, holding that even a clear disregard of such a constitutional prerogative may be waived by failure to make a timely objection thereto), but this is not such a case. Any prerogative involved in the instant case would be merely one provided for by statute.
Since it appears from the journal entry of the Court of Appeals that it did not pass upon all the errors assigned by the defendant, because it regarded one of those assigned errors sufficient to support its judgment of reversal, the cause is remanded to that court to pass upon those assigned errors not theretofore passed upon by it.

Judgment reversed.

Weygandt, C. J., Zimmerman and Herbert, JJ., concur.
Matthias, Bell and Peck, JJ., dissent.