CARROTHERS, APPELLEE, *v.* HUNTER, APPELLANT.

(No. 69-677—Decided September 23, 1970.)

*Mr. Harry L. Griffith,* for appellee.
*Mr. Seabury H. Ford,* for appellant.

HERBERT, J.   The record in this case clearly shows that the giving of the charge by the trial judge, in response to the question asked by the jury, was based upon the judge's and counsels' belief that the law contained in the charge was correct.   *Kohn* v. *B. F. Goodrich Co.* (1941), 139 Ohio St. 141, 38 N. E. 2d 592.   It is undisputed that counsel for the appellee had no knowledge of the error and that he relied upon the stated conclusion of the trial judge that the *Kohn* case was the applicable law.   Under these circumstances, appellee's counsel informed the judge:

"I have no objection to the charge being given."

Both parties now know and agree that the instruction to the jury was erroneous.   The *Kohn* case was overruled by this court in *Oechsle* v. *Hart* (1967), 12 Ohio St. 2d 29, 231 N. E. 2d 306.   Thus, the narrow question presented here is whether appellee, under the facts presented, induced the court to give the charge, and, therefore, lost her right to have the charge reviewed on appeal.

R. C. 2321.03 provides:

"An exception is not necessary, at any stage or step of the case or matter, to lay a foundation for review whenever a matter has been called to the attention of the court by objection, motion, or otherwise and the court has ruled thereon.   Error can be predicated upon erroneous statements contained in the charge, not induced by the complaining party, without exception being taken to the charge."

In reversing the decision of the trial court, the Court

of Appeals found the charge to the jury to be erroneous and found further that the record does not reveal any induce-ment of the court by the appellee.

It is generally stated that errors which arise during the course of the trial of a cause, which are not brought to the attention of the court by objection or otherwise, are waived and may not be raised on appeal. See, for example, *Rosenberry* v. *Chumney* (1960), 171 Ohio St. 48, 50, 168 N. E. 2d 285. One of the exceptions to this general rule concerns errors which occur in the charge to a jury. Where the trial court gives an instruction which is incomplete, but correct as far as it goes, such error in the charge is an error of omission and it is complaining counsel's duty to request the trial court to charge further in order to eliminate any possible confusion of the jury which may result from such deficiency. Unless counsel has requested the court to supply the omission, the error is not reviewable on appeal. *Rhoades* v. *Cleveland* (1952), 157 Ohio St. 107, 105 N. E. 2d 2; *State* v. *Tudor* (1950), 154 Ohio St. 249, 95 N. E. 2d 385. However, where the trial court gives an erroneous statement of law in a charge, not induced by the complaining party, such an error is an error of commission and it may be reviewed on appeal without that party's having objected to the charge. R. C. 2321.03; *Rosenberry* v. *Chumney, supra; Simko* v. *Miller* (1938), 133 Ohio St. 345, 13 N. E. 2d 914; *State* v. *Lynn* (1966), 5 Ohio St. 2d 106, 214 N. E. 2d 226.

It is appellant's contention that when the appellee stated to the trial court that she had no objection to the proposed charge, such action constituted an inducement under R. C. 2321.03, and that the error cannot be reviewed on appeal.

The word *induce* is commonly understood to mean to lead on, prevail upon or to move a party by persuasion or influence. Oxford English Dictionary (1961 Edition); Webster's Third New International Dictionary. The word *induce* connotes the use of persuasion or influence by a party on another to effect a result.

In the case at bar, nothing in the record indicates that the appellee's counsel in any manner persuaded or influenced the trial judge to give the erroneous charge to the jury. Under the instant circumstances, appellee's innocent acquiescence in the trial judge's erroneous conclusion that the applicable law was stated in the *Kohn* case does not establish that the charge was in any manner induced by the appellee.

Appellant also argues that the Court of Appeals abused its discretion in hearing this assignment of error because the appellee failed to raise the propriety of the charge either in her motion for new trial or in the original and reply briefs filed in the Court of Appeals. While the record discloses that the assignment of error was first raised in oral argument before the Court of Appeals, the court deferred its decision until the appellant had an opportunity to file a supplemental memorandum in answer to the assigned error. Appellant's memorandum was filed on May 23, 1969, and appellee filed a reply on May 28, 1969. Appellant had ample opportunity to present his position to the Court of Appeals and under the facts of this case we do not feel that the court abused its discretion in considering the assignment of error.

For the reasons stated, the judgment of the Court of Appeals is affirmed and the cause is remanded to the Court of Common Pleas for further proceedings.

*Judgment affirmed.**

O'NEILL, C. J., LEACH and DUNCAN, JJ., concur.
SCHNEIDER and CORRIGAN, JJ., dissent.
LEACH, J., of the Tenth Appellate District, sitting for MATTHIAS, J.

*This case was decided under the statute and arose before the Rules of Civil Procedure were in effect.