HASAPES, APPELLANT, *v.* DRAKE, EXR., APPELLEE.

[Cite as Hasapes v. Drake (1970), 24 Ohio St. 2d 1.]

(No. 69-768—Decided September 24, 1970.)

*Mr. Martin S. Goldberg* and *Mr. John Jakubek*, for appellant.

*Messrs. Harrington, Huxley & Smith* and *Mr. Eldon A. Wright*, for appellee.

*Per Curiam.* After certification of the record to this court, and review of the record, we find that the posture of the record does not permit appellate review regarding the error about which appellant complains, *i. e.*, whether under the facts of this case the defense—unavoidable accident—is available to defendant.

In order to provide a basis for review the plaintiff

3

would have had to urge the trial court for judgment in his favor for the assigned reason that the defense—unavoidable accident—was not available to defeat plaintiff's right of recovery.  In oral argument, appellant's counsel stated that he failed to move for a directed verdict or otherwise move the court for judgment.

Additionally, a special instruction, requested by appellant and given by the court, contains the principle of law which appellant now asserts to be erroneous.  Although we are sensitive to the fact that trial tactics often change during the course of the trial, a trial court cannot be placed in a position of having to choose between a party's inconsistent positions.  If the reason for this change in plaintiff's position was shown in the record, and the request for the instruction withdrawn, perhaps a reviewing court would know which path the litigant elected to follow.  Plaintiff's mere exceptance to his own requested instruction does not remove the badge of inducement which served to precipitate the error.  R. C. 2321.03 provides, in part, that "error can be predicated upon erroneous statements contained in the charge, not induced by the complaining party * * *."  See *Carrothers* v. *Hunter* (1970), 23 Ohio St. 2d 99; *Rhoades* v. *Cleveland* (1952), 157 Ohio St. 107; *State* v. *Tudor* (1950), 154 Ohio St. 249.  Under the circumstances, appellant's request for the instruction amounts to an inducement by appellant to the court to make the charge complained of, foreclosing appellate review of the assigned error.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

SCHNEIDER, Acting C. J., STERN, LEACH, HERBERT, DUNCAN and CORRIGAN, JJ., concur.

STERN, J., of the Tenth Appellate District, sitting for O'NEILL, C. J.

LEACH, J., of the Tenth Appellate District, sitting for MATTHIAS, J.