OPINION
Defendant-appellant, Sanjay Bansal, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, denying defendant's motion to set aside and enforcing the settlement agreement between defendant and plaintiff-appellee, Sandhya Agarwal.
On August 18, 1998, plaintiff filed a complaint in the Franklin County Court of Common Pleas, Division of Domestic Relations, seeking a divorce from defendant. Alleging that plaintiff and defendant were married on December 12, 1990, and that two children had been born as issue of the marriage, the complaint not only sought that plaintiff be designated legal custodian and residential parent of the minor children, but also requested spousal support, child support, and an equitable division of the miscellaneous household goods and furnishings.
Defendant filed an answer and counterclaim to plaintiff's complaint on November 19, 1998, also seeking a divorce, custody of the parties' children, designation as the residential parent, spousal support, and reasonable child support.
On December 15, 1998, plaintiff amended her complaint to request a legal separation instead of divorce, but continued to seek legal custody of the two children, designation as the residential parent, and an award of the parties' property.
The trial court referred the matter of the allocation of parental rights and responsibilities to the magistrate. When the parties appeared before the magistrate, settlement negotiations ensued. As a result of the settlement negotiations, a handwritten memorandum of agreement was prepared and signed by both parties and their counsel; it also bears the initials of both parties next to various terms of the agreement.
Under the agreement, plaintiff is the sole residential parent and legal custodian. Each parent has equal input on medical decisions for the children and either parent may authorize emergency medical treatment or diagnosis for the children. If the parents cannot agree on non-emergency medical decisions for the children, plaintiff may make the final determination subject to defendant's right to seek a court order changing the decision-making authority.
The agreement also covered parental visitation rights. Under the agreement, defendant has the children every other weekend. During alternating weeks, defendant has the children one weekday overnight, with visitation on Sundays while plaintiff is working, and one evening during the week. The children spend half of their summer vacation with each parent. Holiday visitation is allotted pursuant to local rule.
The agreement addressed the issue of expenses. Defendant agreed to pay daycare and pre-school expenses, as well as child support to plaintiff, to be calculated pursuant to the guidelines. Plaintiff agreed not to move from the Dublin School District without prior written consent from defendant.
Lastly, pursuant to the settlement, defendant agreed to withdraw his motion for shared parenting and his request for a guardian ad litem. Plaintiff agreed to withdraw her request for a modification of spousal support.
When the handwritten memorandum containing the foregoing provisions was converted to a printed version, defendant refused to sign it. Instead, defendant claimed the parties were unable to reach a consensus on several key issues, and thus never reached an agreement. The dispute over the terms of the agreement was submitted to the magistrate. The magistrate requested proposed agreed entries from each party. Ultimately, the magistrate accepted plaintiff's proposed agreed entry, changed the title of the document to Judgment Entry, and filed it on October 28, 1999.
On November 12, 1999, defendant filed a motion to set aside and reconsider the judgment entry, contending the entry was defective for multiple reasons: (1) the parties had agreed to a shared parenting plan, (2) the amount of child support he was scheduled to pay and the imposition of costs for pre-school and daycare was incorrect, and (3) the order is defective with regard to its possessory schedule.
On January 5, 2000, the trial court held a hearing on defendant's motion to set aside. With the consent of defendant, the trial court treated defendant's motion as a motion for relief from judgment and applied Civ.R. 60 to the proceedings. At the conclusion of the hearing, the trial court issued an oral ruling denying in large part defendant's motion. Nonetheless, the trial court noted the settlement agreement required defendant to pay child care expenses for one child only, the four-year-old. Because the court's prior judgment entry incorrectly required defendant to pay child care for both children, the trial court granted administrative relief to correct the error pursuant to Civ.R. 60(A).
The remaining issues relevant to the divorce were tried and resolved by a June 6, 2000 divorce decree, which adopted and incorporated all prior rulings. Defendant appeals, assigning the following errors:
 I. THE TRIAL COURT ERRED IN ENFORCING AN ALLEGED COMPREHENSIVE SETTLEMENT AGREEMENT ON ISSUES INVOLVING THE ALLOCATION OF PARENTAL RIGHTS AND RESPONSIBILITIES WHERE A DISPUTE EXISTED AS TO THE MATERIAL TERMS OF THE ALLEGED AGREEMENT AND NO EVIDENTIARY HEARING WAS HELD TO DETERMINE WHETHER ENFORCEMENT OF THE ALLEGED AGREEMENT WAS APPROPRIATE.
 II. THE TRIAL COURT ERRED IN TREATING A "MOTION TO SET-ASIDE" A MAGISTRATE'S DECISION ON THE FINAL ALLOCATION OF PARENTAL RIGHTS AND RESPONSIBILITIES AS A "MOTION FOR RELIEF FROM JUDGMENT UNDER CIVIL RULE 60(B)" WHERE: (i) APPELLANT HAD A RIGHT TO FILE A MOTION TO SET ASIDE THE MAGISTRATE'S DECISION UNDER CIVIL RULE 53; AND (ii) APPLICATION OF THE CIVIL RULE 60(B) STANDARD OF REVIEW WAS WHOLLY INAPPROPRIATE SINCE THE MAGISTRATE'S ORDER DID NOT CONSTITUTE A FINAL APPEALABLE ORDER.
 III. THE TRIAL COURT ERRED DURING THE HEARING ON APPELLANT'S MOTION TO SET-ASIDE BY NOT ALLOWING APPELLANT TO PRESENT TESTIMONY CONCERNING THE BEST INTERESTS OF THE CHILDREN AND BY NOT ALLOWING APPELLANT TO PRESENT TESTIMONY RELEVANT TO HIS UNDERSTANDING OF THE TERMS OF THE ALLEGED AGREEMENT.
 IV. THE TRIAL COURT ERRED IN REFUSING TO ADMIT DOCUMENTATION AND THE SUMMARY OF APPELLANT'S TESTIMONY REGARDING DEBTS OWED TO FAMILY MEMBERS, AND FURTHER ERRED IN FAILING TO TREAT THESE DEBTS AS MARITAL IN NATURE.
 V. THE TRIAL COURT ERRED IN INCORPORATING CALCULATIONS OF CHILD SUPPORT ARREARAGES PURPORTED TO HAVE BEEN OWED UNDER THE TEMPORARY ORDERS WHERE THE AMOUNT WAS CONTESTED AND NO EVIDENCE WAS PRESENTED ON THESE ALLEGED ARREARAGES DURING THE COURSE OF THE EVIDENTIARY PROCEEDING.
Defendant's first assignment of error contends the trial court erred by enforcing the alleged settlement agreement without first holding an evidentiary hearing. Relying on Rulli v. Fan Co. (1997), 79 Ohio St.3d 374, defendant asserts the magistrate was required to hold an evidentiary hearing because the terms of the agreement were in dispute. In Rulli, the Ohio Supreme Court held that "[w]here the meaning of terms of a settlement agreement is disputed, or where there is a dispute that contests the existence of a settlement agreement, a trial court must conduct an evidentiary hearing prior to entering judgment." Id. at syllabus.
In Rulli the parties did not produce a written or signed memorial of the agreement. Rather, the terms of the purported agreement were read into the record. Moreover, the parties disputed "nearly every major element of the purported agreement." Id. at 377. In requiring an evidentiary hearing, the Supreme Court stated that "it is not within the province of the trial judge to enforce a purported settlement agreement when the substance or the existence of that agreement is legitimately disputed." Id. at 376. The court concluded that the "language read into the record at the initial hearing reflects, at best, merely an agreement to make a contract." Id. at 377.
Unlike the agreement at issue in Rulli, the written, signed, and initialed memorandum at issue here is unambiguous as to the terms disputed by defendant and thus cannot be "legitimately disputed." Id. at 376. While defendant asserted the parties agreed to a shared parenting plan, the memorandum of agreement plainly states that "[p]laintiff will be the sole residential parent and legal custodian." The statement, with defendant's accompanying signature, defeats his suggestion that a legitimate dispute exists regarding shared parenting.
Further, although defendant contends the parties agreed to a deviation in child support, the memorandum of agreement clearly states: "[f]ather will pay child support to mother based upon guidelines." Plaintiff's and defendant's initials appear next to the provision, and defendant's signature is at the bottom of that page of the agreement. Again, the language of the agreement, with defendant's initials and signature, undermines defendant's contentions that a legitimate dispute exists. As a result, the magistrate was not required to hold an evidentiary hearing. Defendant's first assignment of error is overruled.
Defendant's second assignment of error contends the trial court erred in treating defendant's "motion to set aside" as a "motion for relief from judgment" under Civ.R. 60(B); defendant asserts the motion to set aside should have been treated as objections and analyzed under Civ.R. 53.
Civ.R. 60(B) applies only to "a final judgment, order or proceeding ***." Defendant's motion to set aside pertained only to the magistrate's decision regarding the allocation of parental rights and responsibilities, a decision that did not dispose of the entire case. Indeed, defendant's motion was heard and determined before a final divorce decree had been issued. The magistrate's decision thus was not a final judgment. See Shively v. Shively (Sept. 22, 1994), Franklin App. No. 94APF02-249, unreported; Gillispie v. Capital Core, Inc. (June 26, 1997), Franklin App. No. 97APE01-31, unreported (trial court ruling did not dispose of the entire case and therefore it was not a final order). Because it was not a final order, the trial court erred in applying Civ.R. 60(B). Instead, the trial court should have treated the motion to set aside as objections to the magistrate's decision pursuant to Civ.R. 53.
Plaintiff contends defendant requested that the hearing be treated as a Civ.R. 60(B) motion for relief from judgment; plaintiff thus suggests defendant invited the error. The doctrine of invited error holds that a litigant may not "take advantage of an error which he himself invited or induced." Hal Artz Lincoln-Mercury, Inc. v. Ford Motor Co. (1986),28 Ohio St.3d 20. However, invited error requires more than mere "acquiescence in the trial judge's erroneous conclusion ***." Carrothers v. Hunter (1970), 23 Ohio St.2d 99, 103. Invited error requires that counsel induced the error or was actively responsible for it. State v. Kollar (1915), 93 Ohio St. 89, 91.
Although the majority of the discussion concerning the type of hearing required by defendant's motion was held in chambers and off the record, defendant's counsel made a brief statement on the record concerning the issue: "As the court has pointed out in chambers, this [motion] may well be interpreted, or more appropriately be filed, as a 60[B] motion as opposed to a motion to set aside under Rule 53." (Jan. 5, 2000 Tr. 3.) While defense counsel's statement may suggest his agreement that the motion be determined pursuant to Civ.R. 60(B), the statement may also indicate counsel simply acquiesced in the court's determination of that issue. Because the only statement that indicates invited error is equally susceptible of an alternative interpretation, we are reluctant to find invited error on this record. Defendant's second assignment of error is sustained.
Defendant's third assignment of error contends the trial court erred by refusing to allow defendant to present specified evidence during the hearing the trial court held on defendant's motion to set aside. Defendant sought to introduce evidence concerning (1) the best interest of the children, and (2) his understanding of the alleged settlement agreement. Given our disposition of defendant's second assignment of error, his third assignment of error is moot. On remand, however, the trial court may consider, pursuant to Civ.R. 53(E)(4)(b), additional evidence relevant to defendant's objections.
Defendant's fourth assignment of error contends the trial court erred in division of marital assets and liabilities by refusing to admit evidence regarding debts owed to defendant's father, and further erred in refusing to treat those debts as marital in nature. Generally, a court of appeals reviews a trial court's allocation of property pursuant to an abuse of discretion standard. Cherry v. Cherry (1981), 66 Ohio St.2d 348. Moreover, "[a] trial court has broad discretion in determining whether to admit or exclude evidence." Krischbaum v. Dillon (1991), 58 Ohio St.3d 58,65. An appellate court reviews a trial court's decision to admit or exclude evidence under an abuse of discretion standard. Id.
The alleged debts stem from loans defendant's father made to defendant. According to the documentation defendant produced, the original loan amount was for $15,000, and the current value of the loan is over $29,000. The trial court concluded that "there is simply not sufficient, credible evidence to believe that Mr. Bansal's father loaned him money that he intended to have repaid; therefore, the Court is making no orders with regards to that debt because I do not believe that debt is legitimate." (Tr. Vol. I, 230). In essence, the trial court concluded that the alleged loan was a gift.
Relying on Dooley v. Dooley (Aug. 7, 1998), Hamilton App. No. C-970616, unreported, defendant contends the presence of a signed loan agreement and apparent loan interest payments are enough to support characterizing such a disbursement as a loan rather than a gift. Defendant's reliance on Dooley is misplaced. Initially, Dooley does not hold that in every instance a signed loan agreement and apparent interest payments require the court to treat the transfer as a loan. Rather, Dooley allows a court to do so in such circumstances. Moreover, here no interest payments were made prior to the divorce complaint being filed. Indeed, no evidence suggests defendant has ever made an interest payment on the transfer. Lastly, no apparent payment schedule exists. Under those circumstances, the trial court did not err in excluding the alleged loan from consideration. See Wichman v. Wichman (Mar. 22, 1996), Greene App. No. 95 CA 31, unreported. Defendant's fourth assignment of error is overruled.
Defendant's fifth assignment of error contends the trial court erred in calculating child support arrearages. On January 5, 2000, the trial court in an oral ruling found defendant incorrectly was charged with paying child care expenses for both children, as the settlement agreement required him to pay such expenses for only one child. Defendant contends, however, the trial court failed to take that fact into consideration when it determined arrearages.
While the record indicates, and the trial court acknowledges, that an error was made regarding defendant's child care obligations, the judgment entry, filed June 6, 2000, is unclear whether the error was corrected at it relates to the amount of defendant's arrearage. Because the case is being remanded, the trial court can re-examine this issue and correct the amount of defendant's arrearage, if the court has not already done so. To that extent, defendant's fifth assignment of error is sustained.
Having overruled defendant's first and fourth assignments of error, rendering his third assignment of error moot, but having sustained defendant's second assignment of error and his fifth assignment of error to the extent indicated, we affirm in part and reverse in part the judgment of the trial court and remand for further proceedings consistent with this opinion.
BOWMAN and BROWN, JJ., concur.