DECISION AND JUDGMENT ENTRY
Judith West appeals the trial court's order granting full custody of the children to their father, Adam West and granting her the standard orders of visitation. She assigns the following errors for our review:
FIRST ASSIGNMENT OF ERROR
 THE WASHINGTON COUNTY JUVENILE COURT COMMITTED PREJUDICIAL ERROR IN DECIDING CUSTODY BECAUSE WASHINGTON COUNTY JUVENILE COURT LACKED SUBJECT MATTER JURISDICTION. [SIC].
 SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN ALLOWING THE CASE TO PROCEED WHILE APPELLANT WAS REPRESENTED BY INEFFECTIVE COUNSEL.
 THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY NOT RECEIVING A TRANSCRIPT OF THE PROCEEDINGS OF THE PRIOR COURT HEARINGS IN WEST VIRGINIA AS REQUIRED BY OHIO REVISED CODE.
 FOURTH ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR PURSUANT TO OHIO REVISED CODE § 3109.04(E)(1)(a) BY NOT ALLOWING TESTIMONY REGARDING FACTS THAT HAD ARISEN SINCE THE PRIOR DECREE OR THAT WERE UNKNOWN TO THE COURT AT THE TIME OF THE PRIOR DECREE.
 FIFTH ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN AWARDING CUSTODY TO THE FATHER IN THE DECISION WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS AN ABUSE OF DISCRETION.
 SIXTH ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY MISTAKENLY CALCULATING THE CHILD SUPPORT DUE TO THE FACT THAT IT DID NOT ASSIGN SUFFICIENT INCOME TO THE FATHER — APPELLEE.
 I.
Adam West and Judith West married and subsequently had three children, Alexandria, Hunter and Kassidy. In November 1999, the West's obtained a divorce from the Marion County Circuit Court of West Virginia. The court ordered a shared parenting decree with each parent receiving custody of the children for six months at a time. The court also ordered various other provisions, including enrolling the children in a catholic school, the appellant moving to the Parkersburg, West Virginia area by a certain date, the appellee providing health insurance, and the appellant agreeing not to have the children around the appellant's boyfriend (at the time) Bill Davis.
It is undisputed that both parties, at various times failed to comply with the West Virginia parenting order.
The appellee received the first six months of custody and enrolled the children in the Washington County public school system. During this time the appellant was still involved with Bill Davis and had the girls in Davis' company at various times. It is undisputed that Davis was physically abusive to the appellant on many occasions and at one point stabbed her twice in the thigh. However, it appears from the record that the children were never physically injured or threatened by Davis. At times Davis threatened to kill the appellant and on one occasion, in May 2000, he attempted to strangle her. Following this incident, the appellant was taken to the hospital, where she learned that Davis had committed suicide.
Throughout this time the children remained in the appellee's custody and control. On some occasions the appellee refused to allow the appellant to have the children because he apparently considered it unsafe for the children to be around Davis. On other occasions the appellant called appellee to pick the children up because Davis was "getting a glean in his eye." Nevertheless, the children remained in their father's custody and control for the most part.
Following the strangling incident the appellant, once again, allowed appellee to take the children while she recuperated from her injuries and arranged Davis' funeral. After her recuperation and the funeral, the appellant received custody of the children for what was to be the rest of the summer. This custody began in the last week of June 2000. However, on August 4, 2000, while the children were in her care, the appellant attempted suicide by taking nearly fifty sleeping pills. The West's oldest child, Alexandria, found her mother unconscious on the floor and called 911. Following this attempted suicide, the appellee felt that it was in the children's best interest to remain with him.
On August 30, 2000, only twenty-six days after her attempted suicide, the appellant filed for full custody of the children in the Washington County Juvenile Court. The appellee counter-claimed for full custody. Following the hearing, the court granted full custody of the children to the appellee with standard visitation rights to the appellant. This appeal followed.
 II.
In appellant's first assignment of error, she argues that the trial court lacked jurisdiction to determine custody in this case even though she is the party who filed the original complaint. We find no merit in this argument.
The general rule in Ohio is that the juvenile court has exclusive, original jurisdiction to determine custody of children who are not wards of the state. See R.C. 2151.23(A)(2). However, R.C. 2151.23(F)(1) provides that this jurisdiction must be exercised in compliance with R.C.3109.21 through 3109.36, Ohio's adoption of the Uniform Child Custody Jurisdiction Act (UCCJA). The UCCJA was enacted in order to provide for interstate stability of child custody awards. Justis v. Justis (1998),81 Ohio St.3d 312, 314-315, 691 N.E.2d 264, 267; State ex rel. Aycock v.Mowery (1989), 45 Ohio St.3d 347, 349, 544 N.E.2d 657, 660; Bowen v.Britton (1993), 84 Ohio App.3d 473, 478, 616 N.E.2d 1217. The decision to exercise subject matter jurisdiction under the UCCJA is normally left to the sound discretion of the trial court. Mowery at 349 and Bowen,84 Ohio App.3d at 478. Therefore, we will not reverse a trial court's decision to exercise jurisdiction under the UCCJA absent an abuse of discretion. An abuse of discretion "connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Bowen citing State v. Montgomery (1991),61 Ohio St.3d 410, 413, 575 N.E.2d 167, 170. When applying this standard of review, we must not substitute our judgment for that of the trial court. In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 138, 566 N.E.2d 1181.
R.C. 3109.31(A) provides:
 If a court of another state has made a parenting decree, a court of this state shall not modify that decree, unless it appears to the court of this state that the court that rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with sections 3109.21 to 3109.36 of the Revised Code, or has declined to assume jurisdiction to modify the decree, and the court of this state has jurisdiction.
R.C. 3109.22 provides in part:
 No court of this state that has jurisdiction to make a parenting determination relative to a child shall exercise that jurisdiction unless one of the following applies:
 This state is the home state of the child at the time of commencement of the proceeding, or this state had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a parent who claims a right to be the residential parent and legal custodian of a child or by any other person claiming his custody or is absent from this state for other reasons, and a parent or person acting as a parent continues to live in this state;
 It is in the best interest of the child that a court of this state assumes jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;
 The child is physically present in this state and either has been abandoned or it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent;
 It appears that no other state would have jurisdiction under prerequisites substantially in accordance with division (A)(1), (2), or (3) of this section, or a court in another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to make a parenting determination relative to the child, and it is in the best interest of the child that this court assume jurisdiction. (Emphasis Supplied.)
"Home state" is defined by R.C. 3109.21(E) as the "state in which the child, immediately preceding the time involved, lived with his parents, a parent, or a person acting as parent, for at least six consecutive months. West Virginia's jurisdictional prerequisites are substantially similar to Ohio's. See W. Va. Code 48-20-110. In fact, W. Va. Code48-20-202 provides in part that:
 a court of this state has exclusive continuing jurisdiction over the determination of child custody until:
 A court of this state or a court of another state determines that the child, the child's parents and any person acting as a parent do not presently reside in this state.
Before a court exercises subject matter jurisdiction under the UCCJA, it should generally afford the parties a full evidentiary hearing.Bowen, 84 Ohio App.3d at 480. However, in this case, the appellant never objected at the trial level to the court's exercise of subject matter jurisdiction. We realize the parties cannot bestow subject matter jurisdiction upon a court that is lacking it. See State ex rel. Bond v.Velotta (2001), 91 Ohio St.3d 418, 419, 746 N.E.2d 1071. However, our initial concern addresses the need for a hearing to determine jurisdiction. Here, no evidentiary hearing was required because the parties did not contest jurisdiction before the trial court.
In any event, it is clear that the trial court acted properly in exercising subject matter jurisdiction under the UCCJA. In the affidavit attached to the appellant's original complaint, she stated that she had lived in Ohio for at least the last six months. When appellant filed the complaint, the child and both parents lived in Ohio and had done so for at least six months. Therefore, by statute, Ohio would be considered the "home state for purposes of this proceeding. See R.C. 3109.21(E). In addition, the West Virginia statute would appear to relinquish jurisdiction because Ohio (a court of another state) has determined, and all parties agreed, that at the time of the filing of the complaint all parties resided in Ohio. Therefore, the trial court did not abuse its discretion in exercising subject matter jurisdiction under the UCCJA. Appellant's first assignment of error is overruled.
 III.
In appellant's second assignment of error, she argues that her trial counsel was ineffective and that it was the trial court's duty to ensure that counsel was prepared and that bare minimum standards of competency were observed. We find no merit in this argument.
There is no constitutional right to have the effective assistance of counsel in domestic relations cases. Hogle v. Hogle (Mar. 2, 1998), Fairfield App. No. 97CA9, unreported. The right to effective assistance of counsel arises in criminal cases and instances where the state takes legal permanent custody away from a parent or legal guardian. Jones v.Lucas Co. Children's Services Bd. (1988), 46 Ohio App.3d 85, 86,546 N.E.2d 471, citing In re Richardson (Aug. 19, 1987), Scioto App. No. CA1674, unreported. It does not arise in disputes where the state is not a party, i.e. civil disputes between former spouses. Therefore the appellant has no constitutional right to the effective assistance of counsel and her second assignment of error is overruled.
 IV.
In appellant's third assignment of error she alleges that the trial court committed prejudicial error by not abiding by R.C. 3109.36(B)'s requirement to request copies of all records pertaining to the divorce and custody proceedings from the Marion County Circuit Court. We find no merit in this argument.
R.C. 3109.36(B) provides:
 If a parenting decree has been rendered in another state concerning a child involved in a parenting proceeding pending in a court of this state, the court of this state upon taking jurisdiction of the case shall request of the court of the other state a certified copy of the transcript of any court record and other documents mentioned in division (A) of this section.
We have discovered only one case specifically addressing R.C. 3109.36(B). See In re Reynolds (1982), 2 Ohio App.3d 309, 441 N.E.2d 1141. In that case, the First District noted that the appellant failed to raise this objection below and refused to consider it on appeal. Id. at 312,441 N.E.2d at 1146, citing Carrothers v. Hunter (1970), 23 Ohio St.2d 99,102, 52 O.O.2d 392, 262 N.E.2d 867, 869. That is also the case here. The appellant failed to bring this requirement to the trial court's attention by way of objection, therefore, we need not consider the issue. Moreover, the record reveals that the trial court did have the original divorce decree from the Marion County Circuit Court. Absent any evidence to the contrary, we presume the trial court considered that decree. Without an objection from the appellant concerning the remaining documents, we see no error here. Appellant's third assignment of error is overruled.
 V.
In appellant's fourth assignment of error she alleges that the trial court committed prejudicial error under R.C. 3109.04(E)(1)(a) by not allowing testimony of facts that arose after the original decree or that were unknown to it at that time. This argument is meritless.
Appellant failed to proffer this evidence to the trial court. Likewise, her appellate brief does not identify any specific evidence that should have been admitted. Absent a proffer in the trial court and a direct reference in the brief to specific evidence that should have been admitted, we have nothing to rule upon. See App.R. 16(D). Appellant's generic contention that "the trial court had not heard other evidence of the parties relationship and testimony regarding the children(.)" does not satisfy appellant's responsibility in that regard. Appellant's fourth assignment of error is overruled.
 VI.
Appellant's fifth assignment of error alleges that the decision to grant custody of the children to their father was against the manifest weight of the evidence and an abuse of discretion. We find no merit in this argument.
Even though the appellant styled her fifth assignment of error as being both against the manifest weight of the evidence and an abuse of discretion, we review custody determinations on an abuse of discretion standard only. Davis v. Flickinger (1997), 77 Ohio St.3d 415, 418,674 N.E.2d 1159, 1162; In re Custody of Brandi L. Shepard (March 19, 1999), Scioto App. No. 98CA2586, unreported. In Davis the court stated:
 We are mindful that custody issues are some of the most difficult and agonizing decisions a trial judge must make. Therefore, a trial judge must have wide latitude in considering all the evidence before him or her * * * such a decision will not be reversed absent an abuse of discretion.
Id., citing Miller v. Miller (1988), 37 Ohio St.3d 71, 523 N.E.2d 846.
Here there is no abuse of discretion. The trial court's decision is not arbitrary, unreasonable, or unconscionable. First of all, both parties have disregarded and violated the original decree so that it needed to be modified. Second, circumstances concerning the parties have changed to a significant degree since the original decree was issued. Third, evidence was presented that could have led the trial court to conclude that it was in the children's best interest to remain in the custody of the appellee and that the appellant should receive the standard orders of visitation.
The evidence shows that the school age children are progressing well in school both academically and socially. The record also indicates that the appellee has been an active part of the children's lives and has helped to ensure a smooth transition in the face of all that the children have gone through. Lastly, the trial court could have concluded from the evidence that the appellant was still not stable enough to care for the children on a full-time basis. Such a finding is not inconsistent with granting her visitation, as the responsibilities of each are far different. Appellant's fifth assignment of error is overruled.
 VII.
In her sixth assignment of error the appellant argues that the trial court mistakenly calculated the amount of child support. This argument has merit.
When reviewing matters concerning child support we use the abuse of discretion standard.
Appellee presented evidence that he usually worked forty hours a week at $9 an hour (which was to be increased to $10 an hour on January 1, 2001), with ten hours a week of overtime at $13.50 an hour. However, the worksheet provided to us on appeal did not provide a breakdown of overtime pay and regular salary. This was clearly an abuse of discretion. R.C. 3119.022[1] provides that when considering overtime or bonuses the trial court must consider the overtime and include it separately on the worksheet. The included overtime will be the lesser of: (1) the total overtime from the past year and (2) the yearly average of overtime over the last three years. R.C. 3113.022. We remand this issue to the trial court for a new determination of child support, taking into consideration the provisions found in Chapter 3119 of the Revised Code including, but not limited to the proper contribution of salary and overtime. Appellant's sixth assignment of error is sustained.
 VIII.
Having rejected the other purported assignments of error, we reverse and remand solely on the calculation of child support as raised in the sixth assignment of error.
JUDGMENT AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART AND REVERSED AND REMANDED IN PART and that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and Kline, J.: Concur in Judgment and Opinion.
[1] R.C. 3113.215 was repealed effective March 22, 2001 and R.C. 3119.022
is now the effective statute.