OPINION
This timely appeal arises from the conviction and sentence of Kenneth Land ("Appellant") in the Mahoning County Court of Common Pleas on one count of felonious assault. Appellant argues that his attorney was not permitted to speak at the sentencing hearing and that the court failed to make findings to support a prison sentence greater than the minimum. The record reflects that Appellant's counsel did ask to present a statement in mitigation of sentence, and that he was not permitted to make the statement prior to the court's announcement of the sentence. For this reason, we reverse Appellant's sentence and remand this case for a new sentencing hearing.
On June 19, 2000, Debbie McMillan was slashed on the side of her face with a knife. Appellant was indicted for the crime on July 13, 2000. He was charged with one count of felonious assault in violation of R.C. § 2903.11(A)(2)(d), a second degree felony.
On September 13, 2000, Appellant entered into a Crim.R. 11 plea agreement, pleading guilty to the single count in the indictment. On November 8, 2000, the court conducted a sentencing hearing. Appellant was sentenced to six years in prison. Appellant filed this timely appeal on December 5, 2000.
Appellant's first assignment of error asserts:
 "THE TRIAL COURT ERRED BY DENYING DEFENSE COUNSEL AN OPPORTUNITY TO BE HEARD AT DEFENDANT/APPELLANT'S SENTENCING HEARING."
Appellant argues that a criminal defendant and his or her attorney have a right to be heard at sentencing. Crim.R. 32(A)(1) states, in pertinent part:
"* * * At the time of imposing sentence, the court shall do all of the following:
"(1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.
Appellant contends that a trial court must painstakingly protect this right of allocution, citing State v. Green (2000), 90 Ohio St.3d 352. InGreen, the trial court failed to ask both the defendant or his attorney whether they had anything else to say prior to announcing the sentence, and failed to ask the defendant whether he had anything to say about the capital offenses of his conviction. Id. at 359. Counsel did not object to these errors, but the Green court nevertheless found that reversible error had been committed and remanded the case for resentencing. Id. at 360. Appellant argues that in the matter before us, his counsel asked to make a statement at sentencing, but that sentencing was completed before he could make the statement. (Tr. 3). Appellant contends that this is likewise reversible error.
Appellee argues that an allocution error is not reversible if the error is determined to be invited error, citing State v. Campbell (2000),90 Ohio St.3d 320, 325, a case decided the same day as Green.
Appellee also argues that an error in failing to allow a defendant the right of allocution is harmless unless the defendant comes forward with specific information which would have been presented had he been given the opportunity to speak, citing State v. Myers (Feb. 12, 1999), Greene App. No. 96 CA 38, unreported. The defendant in Myers was convicted of aggravated murder. During the penalty phase of the trial, he made a lengthy statement under oath. A victim impact statement was also presented. The trial court failed to afford the defendant a final right of allocution immediately before sentencing. The defendant argued on appeal that he should have been allowed his right of allocution so that he could rebut what was in the victim impact statement. Id. at *37. The Second District Court of Appeals held that the defendant failed to object to the denial of his right of allocution, and also noted that the trial court made it clear that it did not rely on the victim impact statement. Id. The Myers court further noted that the defendant did not specify what additional information he would have presented in mitigation of his sentence. Id. The court concluded that any error was harmless and did not rise to plain error. Id. We hold from the record before us and applying all applicable caselaw that Appellee's arguments are not persuasive.
First, Campbell distinguishes invited error from acquiescence. Invited error occurs, "when a party has asked the court to take some action later claimed to be erroneous, or affirmatively consented to a procedure the trial judge proposed." Id. at 324. Reversible error, though, occurs when the defendant merely accedes to a decision already made by the trial court, as is demonstrated by these comments from Campbell:
 "defense counsel did not suggest, request, or affirmatively consent * * * It was the judge who first said he would sentence on the capital counts before any allocution. At worst, counsel acquiesced. But invited error must be more than mere `acquiescence in the trial judge's erroneous conclusion.' Carrothers v. Hunter (1970), 23 Ohio St.2d 99, 103, 52 O.O.2d 392, 394, 262 N.E.2d 867, 869." Id.
In the case at bar, the record reflects that Appellant's counsel specifically requested some time to make a statement in mitigation of sentence. He stated: "[h]owever, if it pleases the court, and if the court permits, I would like to make some statements in mitigation of that sentence if possible." (11/8/2000 Tr. 3).
Appellant's counsel did acquiesce in the trial court's failure to allow him to make timely comments in mitigation of sentence, as is evidenced by the following exchange at the end of the sentencing hearing:
 "THE COURT: * * * [Y]ou have 30 days to perfect an appeal by filing a notice of appeal in the Seventh District Court. Anything else?"
"[Prosecutor]: No, Your Honor.
"THE COURT: Anything Else?
"[Defense Counsel] No, Your Honor." (11/8/2000 Tr. 5).
It is clear, though, that sentence had already been meted out by the time the trial court asked if there was anything else to add. Any comments that counsel would make after sentencing would not have affected the sentence already pronounced. It is clear that the trial court was aware that Appellant's counsel wanted to make a statement in mitigation prior to sentencing. (11/8/2000 Tr. 3). Because Appellant's counsel merely acquiesced in the events which later occurred, there is no invited error on the part of Appellant's counsel.
Second, Appellee's reliance on Myers is misplaced. Appellant could not have introduced new evidence on direct appeal showing what he might have presented to the trial court in mitigation of his sentence. On direct appeal, an appellant is limited to making arguments based on the actual record, and cannot present new evidence for consideration. State v.Kelley (1991), 57 Ohio St.3d 127, 130; State v. Deener (1980),64 Ohio St.2d 335, 339.
It is possible that the defendant's counsel in Myers could have objected and then proffered his mitigating evidence to the trial court. The Supreme Court in Green, though, found the trial court's allocution error to be reversible error even though no objection was made and even though no evidence was proffered. Green, supra,90 Ohio St.3d at 359-360. We find Green more applicable to the facts of the instant case than Myers, a court of appeals case arising in another district.
Furthermore, the error in Myers was that the defendant, who had made a lengthy statement at sentencing, was not permitted to rebut a victim impact statement immediately before sentencing. Myers, supra. The Myers
court determined that the trial court did not rely on the victim impact statement, and concluded that the error was harmless. Id. In the case at bar, Appellant's counsel was not permitted to make any statement in mitigation whatsoever, which is a much broader error than simply not being allowed to rebut a single item of evidence.
The right of allocution, i.e., the right of a criminal defendant to personally address the court one last time to plead his case or express remorse, is a longstanding right derived from the common law. Green,supra, at 360. The right does not rise to the level of a federal constitutional right. Hill v. United States (1962), 368 U.S. 424, 428;United States v. Adams (C.A.3, 2001), 252 F.3d 276, 282. Nevertheless, a violation of the right of allocution may undermine the "constitutional reliability" of a sentence. Green, supra, at 360. The right of allocution applies to both the defendant and his attorney. Defiance v. Cannon
(1990), 70 Ohio App.3d 821, 827-828; Crim.R. 32(A)(1).
It is clear from the record that Appellant's counsel wanted to make a statement prior to sentencing and was not given an opportunity to do so. In light of Green, it is difficult to view this as anything other than prejudicial and reversible error. Appellant's first assignment of error is sustained.
Appellant's second assignment of error contends:
 "THE TRIAL COURT ERRED IN FAILING TO MAKE SUFFICIENT FINDINGS FOR THE IMPOSITION OF OTHER THAN THE MINIMUM SENTENCE."
Appellant argues that the trial court did not make the statutorily required findings for imposing a sentence beyond the minimum sentence, citing State v. Wells (1999), 133 Ohio App.3d 392, in support. Appellant is vague as to what specific provision of R.C. §§ 2929.11 through .14 the trial court failed to follow.
The scope of appellate review of a sentencing error is governed by R.C. § 2953.08(G). The provisions relevant to this appeal state:
 "(G)(1) The court hearing an appeal of a sentence * * * may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
"(a) That the record does not support the sentence;
" * * *
"(d) That the sentence is otherwise contrary to law."
 R.C. § 2929.14(B) governs the imposition of prison on first time offenders:
"* * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall imposethe shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that theshortest prison term will demean the seriousness of the offender'sconduct or will not adequately protect the public from future crime bythe offender or others." (Emphasis added).
There is no indication in the record that Appellant had previously served a prison term, therefore it can be assumed that R.C. §2929.14(B) applies to this case. The trial court is not required to give specific reasons for finding that the minimum prison term is inappropriate. State v. Edmonson (1999), 86 Ohio St.3d 324, 326. However, the court must note on the record that it engaged in the analysis required under R.C. § 2929.14(B) and that it varied from the minimum sentence for at least one of the two sanctioned reasons. Id.
The November 8, 2000 Judgment Entry includes both of the reasons listed in R.C. § 2929.14(B) for imposing more than the minimum sentence, and therefore complies with Edmonson.
Appellant also argues that the record in this case is devoid of any reference to the sentencing factors listed in R.C. § 2929.12. Appellant argues that a record which contains no evidence to support that any of the sentencing factors were considered should be reversed for resentencing, citing State v. Martin (1999), 136 Ohio App.3d 355, andState v. Yontz (1986), 33 Ohio App.3d 342.
Ohio's sentencing statutes were dramatically changed in 1996 pursuant to S.B. 2. The Yontz case relied upon by Appellant is a pre-S.B. 2 case and is of limited value in addressing the sentencing issues in this case.
This Court has recently held:
 "The trial court is not required to use special talismanic language to satisfy the requirement that it consider the seriousness and recidivism factors in R.C. § 2929.12. State v. Arnett (2000), 88 Ohio St.3d 208, 215. A trial judge may satisfy his or her duty under R.C. § 2929.12 with nothing more than a rote recitation that the applicable factors were considered. Id."
 State v. Marks (June 13, 2001), Monroe App. No. 823, unreported. InMarks, as well as Arnett, the trial court did specifically consider some of the sentencing factors listed in R.C. § 2929.12. In the case subjudice there is no indication either in the sentencing transcript or the sentencing entry that the trial court specifically considered any of the seriousness, recidivism, or mitigating factors set forth in R.C. §2929.12(B). It is true that, pursuant to R.C. § 2929.19(B)(2), this was not a case in which the trial court was mandated to provide findings to support its sentence. Nevertheless, R.C. § 2929.12(A) and §2929.19(B)(1) require the trial court to consider both the statutory sentencing factors and the entire record when it determines a sentence, and an appellate court may reverse a sentence where the record indicates that none of the statutory requirements were considered. See State v.King (Sept. 9, 1999), Marion App. No. 9-98-67, unreported; Martin,supra, 136 Ohio App.3d at 359.
Although we are reversing this case for resentencing based on assignment of error number one (thus appearing to render the second assignment of error moot), we are aware that Appellant's second assignment of error presents an equally valid basis for remanding this case for resentencing.
For the foregoing reasons, we sustain Appellant's first assignment of error and reverse and remand this case for a new sentencing hearing. Appellant's second assignment of error is moot given our disposition of assignment of error number one.
Donofrio, J., concurs.
DeGenaro, J., concurs.